## 60432. PARKERSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated assault and received a sentence of 10 years confinement to be served on probation. The trial court ordered as special conditions of probation that: "Defendant is to remove himself and his wife immediately from the Waycross Judicial Circuit, particularly Charlton County and specifically from where he is now living. Defendant is further ordered to stay out of the Waycross Judicial Circuit during his entire probation period."

Appellant's sole enumeration of error is that the trial court erred in ordering as a special condition of probation that appellant remove his wife from the Waycross Judicial Circuit. We agree.

Code Ann. § 27-2709 gives jurisdiction to the trial court to determine the question of probation of a defendant who has been found guilty of a criminal offense; Code Ann. § 27-2711 permits the court to determine the terms and conditions of probation, and lists 10 conditions of probation. It is well settled that the conditions enumerated in that section are not exclusive, but the trial court may impose other requirements not specifically listed therein. *Wood v. State,* 150 Ga. App. 582, 583 (258 SE2d 171) (1979); *Gay v. State,* 101 Ga. App. 225 (113 SE2d 223) (1960). Banishment of one convicted of a crime from a county or counties has been held to be a reasonable condition of probation. *State v. Collett,* 232 Ga. 668 (208 SE2d 472) (1974).

We know of no statute or other authority, however, which grants jurisdiction to the trial court to banish a person *other than* the convicted criminal as a condition of his probation. Not only would such a condition unreasonably restrict an innocent party's freedom to travel, but it imposes a condition on the probationer over which he has no control. Such a condition, banishing appellant's wife from the Waycross Judicial Circuit is, therefore, invalid and unenforceable.

*Judgment affirmed with direction that the above condition,*

*relating to the wife only, be deleted from the trial court's order of probation. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED NOVEMBER 13, 1980.

*Alva J. Hopkins, III,* for appellant.
*Dewey Hayes, District Attorney, Willis Blacknall, Assistant District Attorney,* for appellee.