70469. GRANT v. THE STATE.
70470. WILLIAMS v. THE STATE.
70471. HUNTER v. THE STATE.
70472. MYLES v. THE STATE.
(336 SE2d 354)

BEASLEY, Judge.

Defendants were each convicted of multiple counts of illegal sale of distilled spirits (plus one count of illegal storage against Grant). Total sentences ranged from two years probation and $2,000 fine to four years probation and $4,000 fine, plus surcharges. As a condition of probation, the court ordered the four premises where the offenses of each defendant were committed padlocked "so as to prevent anyone from entering said premises" for the entire periods of probation. Defendants appeal the padlocking provisions of their sentences, asserting they are invalid conditions of probation.

1. Authority to probate for misdemeanors is found in OCGA §§ 17-10-3 and 42-8-35. The statutorily recognized conditions are not exclusive. *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980). However, of course, the condition must be reasonably related to achieve one of the purposes of sentencing. " 'The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions . . . [are] effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement. [Cits.]' *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974)." *Davis v. State*, 172 Ga. App. 787 (6) (324 SE2d 767) (1984). *Davis* also involved violations of the state's liquor laws.

The trial court's orders imposing padlocking as a condition of probation note first that the liquor laws apply differently in the various counties. They then recite: "A monetary fine for violation of this offense in the maximum of $1,000 can hardly be conceived as adequate to support the archaic regulation of this privilege to some, as specified by O.C.G.A. 3-3-1, but not a privilege to all. Therefore, because this court is duty bound to impose appropriate consequences for those who have the proclivity to violate the noncontrolled and illegal sale of alcoholic beverages (sic), while sales of the same alcoholic beverages within a 32 mile radius east, west, north and south of Grady County are legal, a special condition of probation is hereby imposed." The padlocking of the premises of each defendant was then ordered.

It is clear that the purpose of imposing this condition was economically punitive. In effect, the court was imposing a direct and to-

tal financial deprivation of defendants' anticipated monetary resources from the use of their premises for periods extending from 2 years to 4 years. This was in excess of the maximum monetary exactions of $1,000 per count authorized by statute, which was imposed on most of the defendants. While *Davis*, supra, recognized that "special conditions of probation reasonably calculated 'to take [him] out of the sale of alcohol business' would be authorized," this condition does far more than that. It prevents defendants from using their premises altogether, for any purpose whatsoever. They could not use them for any legitimate business nor could they even rent them to others for legal purposes. This amounted to a confiscation of the premises for the periods of probation, to the extent that it deprived defendants of property rights unrelated to the crime. The objective was not only to prevent defendants' conducting illegal business on those premises, but also to prevent their obtaining any economic benefit from those premises whatsoever. In this way, the court imposed an additional and substantial financial burden beyond the maximum monetary penalty set by the legislature. Judicial bounds were thus exceeded. *Young v. State*, 163 Ga. App. 507, 509 (4) (295 SE2d 175) (1982). In the words of Francis Bacon, "Judges ought to remember that their office is *jus dicere*, and not *jus dare*; to interpret law, and not to make law, or give law; . . ." Glenn R. Winters, ed., Handbook for Judges, American Judicature Society, 1975, p. 276.

While conditions of probation may be imposed for punitive purposes, such as by restricting a person's liberties short of total incarceration, the punishment here was primarily for economic purposes. And on punishment of that nature, the legislature had already set a limit of $1,000 per count.

Even if the padlocking would be rehabilitative in the sense that it would force defendants to find other gainful business or employment, it would not meet the test of being "reasonably calculated to serve a rehabilitative purpose . . ." *Davis*, supra. It did far more than stifle defendants' operation of illegal liquor sales and storage at those locations. It did not prevent their selling liquor illegally elsewhere. But it did deny them the right to use their premises for legal purposes. For a similar reason, the sentence in *Inman v. State*, 124 Ga. App. 190, 195 (183 SE2d 413) (1971), was defective. There the court said: "A condition of probation which invades a person's constitutionally protected right to personal self-expression and which is not related directly to his rehabilitation, cannot meet the test of reasonableness." Cutting off the use of commercial premises for all purposes, without express statutory authority, as a rehabilitative measure for a misdemeanor exceeds the sentencing authority and is not reasonably limited as a condition which would stop the sale of illegal beverages by defendants.

The law provides a statutory procedure which can be followed to

lawfully padlock a business. OCGA §§ 3-10-8 (a) (1), 3-10-9. Any place used for the unlawful sale or disposition of such spirits is a common nuisance which may be abated by writ of injunction issued by a superior court upon complaint filed by the Attorney General, a district attorney, or a citizen of the county. However, the state did not choose that avenue here. Instead, the misdemeanor court substituted its own summary procedure and sua sponte achieved comparable results. We do not believe the legislature intended this additional manner of padlocking to be embraced within a judge's discretion in sentencing a person to probation.

Thus, the padlocking provisions of the sentences must be vacated and the trial court must reconsider the matter. We reverse and remand for resentencing in this respect. The convictions are not affected. *Sherman v. State,* 142 Ga. App. 691 (237 SE2d 5) (1977).

2. The second enumeration, citing as error the trial court's refusal to stay the execution of the padlocking portion of the probation order pending appeal, is moot. The issue was also raised on a motion for supersedeas pending appeal. The motion was granted because of the magnitude of the challenged condition. In so doing, however, the court recognized that the trial court was not without authority to refuse to stay the conditions of probation. OCGA §§ 5-6-45 and 17-10-9.

*Judgment reversed with direction. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 17, 1985.

*Joseph T. McGraw, Harry J. Altman, Edwin A. Carlisle,* for appellants.

*J. Richard Porter III, Solicitor,* for appellee.