44990. CHANDLER v. THE STATE.
(364 SE2d 273)

SMITH, Justice.

We granted certiorari in *State v. Chandler*, 184 Ga. App. 1 (360 SE2d 727) (1987), to determine whether a probationer participating in a "Special Alternative Incarceration" program, having failed to return to a diversion center from which he had been given permission to leave, is subject to prosecution for the felony offense of escape or to the lesser penalty of revocation of his probation. The Court of Appeals held that a probationer would be subject to prosecution for the felony offense of escape. We reverse.

In October of 1985, the appellant, Marvin Chandler, was sentenced to twelve months probation for the misdemeanor of loitering on school property. Subsequently, the appellant's probation was modified to include a special alternative incarceration program at the Dodge County Correctional Institute. That facility, however, would not accept him since his original sentence was only for twelve months,

and as a result, the appellant was ordered to reside at the Athens Diversion Center.

At 11:50 a.m. on April 16, 1986, the appellant signed out of the diversion center to seek employment. Though he was instructed to return by 4:30 p.m., he had not returned by 1:00 a.m. the following day. At that time, he was classified as an escapee from the center. On May 16, 1986, the appellant was arrested and later indicted under the felony escape statute. OCGA § 16-10-52 (a) (3).

The trial judge dismissed the indictment on the ground that it failed to allege the crime of escape. Upon appeal by the district attorney, the Court of Appeals reversed the trial court and held that the appellant's failure to abide by the diversion center's regulations made him liable for the felony offense of escape rather than for the mere revocation of his probation.

Under subsection (f) of OCGA § 42-8-35.1, which creates the "Special Alternative Incarceration" program, unsatisfactory performance in the program would subject the probationer to revocation of probation as specified by OCGA § 42-8-38. The alternative to revocation of probation, as provided in OCGA § 42-8-35.1, would be the imposition of the more severe sanctions of OCGA § 16-10-52 (a) (3).

" ' "Where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered." '[Cit.]" *Gee v. State*, 225 Ga. 669, 676 (171 SE2d 291) (1969). Clearly, this is a case where there is such uncertainty.

*Judgment reversed. All the Justices concur, except Marshall, C. J., Weltner and Hunt, JJ., who dissent, and Bell, J., who concurs in the judgment only.*

WELTNER, Justice, dissenting.

It is important to consider what has happened in this case. Chandler was permitted to serve his sentence beyond the confines of prison. When he violated that privilege, his probation was modified by placing him in custody of a diversion center — still *outside* the confines of prison. Now, after Chandler has absconded and has been returned to custody only by reason of his re-arrest, the majority will limit the sanction for this *second* violation to a brief confinement during the unserved portion of his probated sentence.

That seems to be an undue restriction upon the ability of the trial judge to enforce sentences.

1. OCGA § 16-10-52 (a) (3) provides: "A person commits the offense of escape when he: Intentionally fails to return as instructed to lawful custody or lawful confinement after having been released on the condition that he will so return." It is undisputed that Chandler was released on such a condition, and that he failed to return. Hence, the issue in this case is whether the *status* to which he was directed

to return was that of "lawful confinement or lawful custody." The answer to that inquiry must be in the affirmative. Chandler's initial probationary status was modified by the sentencing judge so as to commit him "to the custody of a diversion center." *State v. Chandler,* 184 Ga. App. 1, 2 (360 SE2d 727) (1987). It was from such custody that he was released, and to such custody that he failed to return. Hence, all the elements of the crime of escape are established.

2. It is true that Chandler's conduct might be the cause for the revocation of his probation. The question, however, is whether the mere *existence* of two sanctions demands a holding that they are of necessity inconsistent, thereby requiring the lesser punishment under the principles discussed in the majority opinion.

Logic would reject that proposition. Chandler's conduct was both a violation of probation and the crime of escape. As such, it may serve both as a cause for probation revocation, and as basis for an independent felony prosecution. (Note Judge Carley's apt observation that "probation revocation and criminal prosecutions are not mutually exclusive punishments." Id.) Were it otherwise, a probationer might commit the most heinous crime, and face nothing more severe than a revocation of the unexpired term of his probation.

I am authorized to state that Chief Justice Marshall and Justice Hunt join in this dissent.

DECIDED FEBRUARY 4, 1988.

*Sara F. Miller,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.