## S90A1094. WALKER v. THE STATE.
### (399 SE2d 199)

FLETCHER, Justice.

William Kenneth Walker was convicted of two counts of murder and two counts of armed robbery.[1] He was sentenced to two consecutive life sentences on the murder counts and to concurrent terms of five years on each of the armed robbery counts. Walker appeals and we reverse.

Archie Johnson, appellant's uncle, was a pharmacist in Jonesboro, Georgia. The manager of the drug store where Johnson was employed became alarmed when Johnson failed to show up for work on the morning of March 2, 1988, and that afternoon the manager and district manager drove out to the house which Johnson shared with Willie Evans. After observing blood on curtains of a window in the house, the managers called the police. Inside the house, the police found the bodies of Johnson and Evans, both of whom had been stabbed to death.

Shortly after the bodies were discovered, Michael Burks told police that he had committed the murders. Burks lived five houses down from the house shared by the victims. Burks and victim Evans had grown up together and had been very close, even intimately involved with each other at one point. Even after Burks recanted his confession and explained that he had merely dreamed the murders, Burks was tried for, and eventually acquitted of, the same crimes that are involved in the present action.

Appellant also confessed to the crimes and, like Burks, recanted his confession prior to trial, explaining that at the time of his confession he had been very depressed concerning both his problem with drugs and his prospects for the future. Appellant maintained that he had confessed to the crimes in hopes of receiving the death penalty and that much of the detail contained in his confession had been drawn from his own personal observation of the murder scene. (Upon completion of the investigation of the crime scene, the police turned the house, which had been owned by victim Johnson, over to appellant's family and, at that time, appellant had an opportunity to observe the crime scene.) Appellant also indicated that some of the details in his confession were drawn from information given to him, prior to his confession, by one of the detectives investigating the murders.

---

[1] The crimes were committed on or about March 2, 1988. The defendant was indicted on May 5, 1989. The verdict was returned on August 28, 1989 and on that same day the trial court imposed sentence. The motion for new trial was denied on March 30, 1990. The case was docketed in this court on June 11, 1990 and was submitted for decision, without oral argument, on September 29, 1990.

1. Appellant's sole defense at trial was that he had confessed to the crimes only because he wanted to be given the death penalty and that someone else, probably Burks, had actually committed the crimes. Prior to trial the prosecution filed a motion in limine seeking to exclude all mention of Burks from the trial, contending that anything relating to Burks was completely irrelevant because the fact that Burks had previously been tried for and acquitted of the same crimes was not germane to appellant's involvement in the case.

The prosecution cited *Harrison v. State*, 257 Ga. 528 (361 SE2d 149) (1987); *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987); and *Boyce v. State*, 258 Ga. 171 (366 SE2d 684) (1988), for the proposition that the acquittal of a co-defendant in a separate trial is not relevant in the trial of another co-defendant, arguing that mention of Burks would be analogous to mention of a co-defendant.

Appellant argued that evidence which implicated Burks, rather than appellant, in the crimes was relevant, citing *Henderson v. State*, 255 Ga. 687 (341 SE2d 439) (1986), for the proposition that evidence which bears directly on the accused's defense is relevant and should be admitted.

The trial court granted the prosecution's motion in limine, instructing both parties not to go into Burks' involvement in the case during opening statements, the State's presentation of its case nor during cross-examination of the State's witnesses. The trial court did reserve ruling on whether Burks could be called as a defense witness, apparently construing *Henderson* to mean that as long as the defendant was allowed to examine Burks, the rule set forth in *Henderson* would be satisfied regardless of the limitations placed upon the scope of that examination.

The cases cited by the prosecution in support of their position have no bearing on the case presented here. The *Henderson* case, cited by the defense, is controlling.

In *Henderson*, supra, the defendant maintained that another person had committed the crimes involved but the trial court would not allow defendant to introduce evidence of that other person's motive in committing the crimes. We determined that evidence of the other person's motive rendered the "inference that he committed the crimes . . . more probable than would [have been] that inference without the evidence." *Henderson*, 255 Ga. at p. 689. Because the excluded evidence bore directly on the sole defense in the case, we held that its exclusion was harmful error warranting reversal.

Appellant's sole defense at trial was that someone else committed the crimes charged. The evidence that was excluded by the trial court, concerning others who were implicated in the crimes during the investigation and particularly the evidence implicating Burks, bears directly on Walker's sole defense, makes the inference that someone

other than Walker committed the crimes more probable than would be that inference without the evidence and thus clearly tends to exonerate appellant. As we recognized in *Henderson,* evidence enough to raise a reasonable doubt as to the defendant's guilt in the minds of the jury, not evidence sufficient to convict someone else, would be enough to change the outcome of the case and to warrant reversal.

We find that evidence implicating others, particularly Burks, in the crimes involved in this case was relevant and that the trial court's grant of the motion in limine excluding such evidence was harmful error warranting reversal of appellant's conviction. Walker should have been given the opportunity to attempt to raise a reasonable doubt in the minds of the jury that someone other than himself had motive, opportunity and was implicated in the crimes by evidence gathered during the police investigation of the crimes.

We recognize that some evidence concerning Burks' involvement with the victims and with the crimes charged here did come in during the trial. We also recognize that the defense was allowed to call Burks as a defense witness. However, a review of the record reveals that the initial ruling of the trial court, with respect to the relevancy of evidence implicating Burks or others, so infected the trial with error that such actions could not rescue the trial; especially when one considers that the trial court precluded any reference to such evidence during opening statements, during the State's presentation of its case, and during cross-examination of the State's witnesses and also limited the scope of the defense's examination of Burks.

2. Prior to the trial, appellant served the State with a subpoena seeking: (1) the results of a polygraph taken by Burks and the stipulation between Burks and the State that the results of the polygraph could be used at Burks' trial; (2) any other statements Burks may have made, at any time, that were in the possession of the State; and (3) to require the assistant district attorney, who handled the prosecution of Burks, be available to testify concerning Burks at appellant's trial.

The State opposed the subpoena and urged that it should be quashed because of the court's previous ruling on the motion in limine. Appellant argued that the subpoenaed evidence was relevant to appellant's sole defense, not to prove that Burks committed the crimes, but to show that the facts revealed by the investigation often pointed to motive and opportunity on the part of others, particularly Burks. Again the trial court ruled that such evidence was inadmissible, quashing appellant's subpoena.

Although the evidence appellant sought to subpoena may be inadmissible for other reasons, it was not inadmissible on the grounds argued by the State and, therefore, the trial court erred by quashing the subpoena on those grounds. The subpoenaed material, to the ex-

tent that it concerned others implicated in the crimes charged, bears directly on appellant's sole defense and makes the inference that someone other than appellant committed the crimes more probable than would be that inference without the material.

Whether the error was harmful depends upon whether the subpoenaed material was inadmissible on other grounds. As such has not yet been established, we simply note the error for the benefit of the trial court should the State decide to retry the case.

3. Appellant enumerated eight errors which he alleges were made by the trial court. We have reviewed all of the enumerations and have found merit in only enumerations one, dealing with the motion in limine, and three, dealing with the quashing of appellant's subpoena. We have also reviewed the evidence presented at trial in the light most favorable to the jury's determination and conclude that a rational trier of fact could have found the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

DECIDED JANUARY 10, 1991.

*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers,* for appellee.