A91A1704. McNEIL v. THE STATE.
(415 SE2d 922)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine with intent to distribute. He appeals from the judgment and sentence entered on the conviction and the denial of his motion for new trial.

The evidence viewed in the light most favorable to the jury verdict reveals that on May 18, 1989, several officers with the City of Atlanta Red Dog Squad were traveling in an unmarked vehicle when they observed appellant and several men standing at a street corner.

Upon seeing the officers, appellant and the others began running away from the corner. One of the officers saw appellant running with a large plastic bag in his hand, which appeared to the officer to contain cocaine. The officer pursued appellant and followed him into a nearby house where he saw appellant throw the bag of suspected cocaine onto a bookcase in the living room. The officer apprehended appellant and recovered the plastic bag which contained 52 smaller bags of suspected crack cocaine. A witness for the State testified that the substance in the bags was cocaine. Appellant testified that he was at the intersection to purchase marijuana; that when the officers announced their presence, everyone, including appellant broke and ran; that he did not know who lived in the house at 885 Crew Street, but he ran into the house because other people ran into the house; that once inside the house, he went into a room and sat down; and that the police subsequently came into the house and took appellant to the patrol car, after which the officers came out with the bag of drugs.

Appellant raises as his sole enumeration of error that the trial court erred in excluding evidence that someone other than appellant committed the crime. Appellant called as a witness, Mrs. Nellie Mitchell, the owner of the house into which appellant ran. After establishing that Mrs. Mitchell's three sons resided at the house with her, appellant's counsel attempted to ask her whether one of her sons had been arrested. The State objected, and outside the presence of the jury, appellant's counsel stated that the witness could testify that one of her sons had previously been arrested for possession of cocaine. Appellant offered the testimony as evidence that the cocaine found by the officer could have belonged to Mrs. Mitchell's son. The trial court ruled that the evidence was inadmissible.

" ' " " '(E)vidence is relevant which *logically* tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to *elucidate or throw light* upon a material issue or issues is relevant.' " ' [Cit.]" *Hoffer v. State*, 192 Ga. App. 378, 383 (3) (b) (384 SE2d 902) (1989). Appellant's defense was that he did not know who the cocaine belonged to but that it could have belonged to Mrs. Mitchell's son. The only proffer made by appellant's counsel was that one of Mrs. Mitchell's sons had a prior arrest for possession of cocaine. Although appellant's counsel stated to the trial court that Mrs. Mitchell's son had been arrested around the same time that appellant was arrested, May 1989, appellant's counsel remarked in his opening statement to the jury that one of Mrs. Mitchell's sons had been arrested for possession of cocaine in 1988. The evidence offered by appellant did not logically tend to prove or disprove either that Mrs. Mitchell's son committed the crime or that appellant did not commit the crime. The evidence offered would have served merely to divert the jury's attention from the following pertinent facts of the

case: the arresting officer saw appellant throw the bag which was later determined to contain cocaine on the bookcase, and appellant failed to offer any evidence linking the bag recovered by the officer to anyone living in the house in which appellant was arrested. Accordingly, we find no error with the trial court's exclusion of the evidence. See *Palmer v. State*, 186 Ga. App. 892 (3) (369 SE2d 38) (1988). Appellant's reliance on *Henderson v. State*, 255 Ga. 687 (341 SE2d 439) (1986) and *Walker v. State*, 260 Ga. 737 (399 SE2d 199) (1991) is misplaced. In both of those cases, the defendants maintained as their defense that another person had committed the crime involved, and the trial court refused to admit evidence that implicated the other person. The Supreme Court of Georgia held that the evidence directly bore on the defense in the cases.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 19, 1992.

*Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.