A92A1510. PITTS v. THE STATE.
(426 SE2d 257)

CARLEY, Presiding Judge.

Appellant was found guilty of possessing more than one ounce of marijuana, two counts of manufacturing marijuana, and possession of a firearm by a convicted felon. He appeals from the judgments of convictions and sentences entered by the trial court on the findings of guilt.

1. Relying upon the equal access rule, appellant enumerates as error the denial of his motion for directed verdicts of acquittal.

The evidence shows that law enforcement officers found more than one ounce of marijuana seeds under the driver's seat of a truck owned and driven by appellant. At the time of this discovery, appellant was the sole occupant of the truck. Officers subsequently discovered about 2,000 marijuana seedlings in an old tobacco barn behind appellant's residence and several hundred mature marijuana plants among pine trees on nearby land. Although title to the land was not in appellant, there was evidence that the areas in question were a part of his farm.

"The ['equal access'] rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. [Cits.]" *Castillo v. State*, 166 Ga. App. 817, 821-822 (2) (305 SE2d 629) (1983). Evidence merely that appellant had parked the truck in another individual's driveway does not show that that other individual or anyone else had "equal access" to the truck and does not raise "a *reasonable* doubt by rebutting the presumption of possession. [Cit.]" (Emphasis in original.) *Moon v. State*, 194 Ga. App. 777, 778 (2) (392 SE2d 19) (1990). Even assuming that evidence of another individual's mere prior presence in the truck may have been sufficient to rebut the presumption

of appellant's possession, it certainly did not mandate a directed verdict of acquittal, because that individual denied placing the jar of marijuana seeds in the truck. "[T]here was a question of fact for the jury to resolve." *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988).

The "equal access" rule generally "does not apply to ' "marijuana plants growing outside, which require a period of months to grow, mature, and be harvested." (Cits.)' [Cit.] As to the plants in [the barn], even if the doctrine applies to them because they were portable ([cits.]), this does not help appellant. It is true that ' "(m)erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Cit.)' [Cit.] However, '(w)here[, as here,] there is evidence other than "equal access" connecting an accused to contraband, it is for the jury to determine guilt or innocence.' [Cit.]" *Blitch v. State*, 188 Ga. App. 487, 488 (373 SE2d 227) (1988). Appellant was shown to be in possession of the same type of black tray as that in which the seedings were found to be growing and of the same type of material as that which was found around the root systems of the mature plants. Moreover, appellant's possession of marijuana seeds in his truck supports a finding of his possession of the marijuana found on his farm.

" 'The *totality* of the evidence was sufficient to connect [appellant] to possession of [all three quantities] of the (marijuana), even though the evidence [may] have authorized a finding that others had equal access to the same (marijuana). (Cits.) When viewed in the light favorable to the verdict, as an appellate court is required to do on appeal, the evidence was sufficient to enable any rational trier of fact to find the existence of guilt of ([appellant]) for the offenses charged, beyond a reasonable doubt. (Cit.) Hence, based upon the evidence cited above, the trial court did not err in refusing to direct a verdict of acquittal. (Cits.)' [Cit.]" *Hunt v. State*, 196 Ga. App. 694, 695 (2) (396 SE2d 802) (1990).

2. The trial court properly refused to allow appellant to introduce evidence that another individual, who lived within one-and-one-half miles of appellant's farm, had been previously charged with possession of marijuana.

"The evidence offered by appellant did not logically tend to prove or disprove either that [such third party] committed the crime or that appellant did not commit the crime. The evidence offered would have served merely to divert the jury's attention from the . . . pertinent facts of the case. . . . Accordingly, we find no error with the trial court's exclusion of the evidence. [Cit.] Appellant's reliance on *Henderson v. State*, 255 Ga. 687 (341 SE2d 439) (1986) and

*Walker v. State*, 260 Ga. 737 (399 SE2d 199) (1991) is misplaced." *McNeil v. State*, 202 Ga. App. 900, 901-902 (415 SE2d 922) (1992).

3. Although the trial court ostensibly imposed fully *probated* sentences, it nevertheless made appellant's 48-month continuous and uninterrupted *incarceration* in the Colquitt County Correctional Institution a special condition thereof. Appellant enumerates this special condition of his probation as error.

A trial court certainly has broad discretion to determine the terms and conditions of probation. " ' "*In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved." ' " (Emphasis supplied.) *Grant v. State*, 176 Ga. App. 460 (1) (336 SE2d 354) (1985). See also *Inman v. State*, 124 Ga. App. 190 (183 SE2d 413) (1971). The issue to be resolved, however, is whether, in the absence of a clear legislative intent, a period of continuous and uninterrupted "incarceration" can *ever* be considered a reasonable condition of "probation." "Incarceration" and "probation" are generally considered to be mutually exclusive concepts. "Incarceration" denotes "[i]mprisonment; *confinement in a jail or penitentiary*." (Emphasis supplied.) Black's Law Dictionary (5th ed. 1979). "Probation," on the other hand, means the "[s]ystem of allowing a person convicted of some lesser offense (frequently juveniles or first offenders) to *avoid imprisonment*, under a suspension of sentence, during good behavior, and generally under the supervision of a probation officer." (Emphasis supplied.) Black's Law Dictionary (5th ed. 1979). Thus, a sentence *of* "incarceration" denotes a continuous period of confinement in a jail or penitentiary uninterrupted by periods of freedom, whereas a sentence to be served *on* "probation" denotes a limitation of freedom short of requiring the service of a continuous and uninterrupted period of confinement in a jail or penitentiary. A defendant sentenced to serve a continuous and uninterrupted period of confinement in a jail or penitentiary is "incarcerated." A defendant sentenced to undergo other forms of confinement is on "probation." See, e.g., OCGA § 42-8-35.1 (providing for a 90-day period of confinement in a probation *boot camp*, rather than a jail or penitentiary, as a condition of probation); OCGA § 42-8-35 (6) (providing that the trial court may order that the defendant "[r]emain within a specified location" as a special condition of probation). That "incarceration" and "probation" are mutually exclusive concepts has been recognized in this state. "[C]onditions of probation may be imposed for punitive purposes, such as by restricting a person's liberties *short of total incarceration*. . . ." (Emphasis supplied.) *Grant v. State*, supra at 461 (1). "Limited as their freedom undoubtedly is, probationers are still individuals, *not inmates[,] [h]aving been deemed worthy to stay in society*. . . ." (Emphasis supplied.)

*Inman v. State,* supra at 194.

There are jurisdictions which recognize that a term of continuous and uninterrupted incarceration in a jail or penitentiary may be imposed as a condition of probation. However, " '[j]urisdictions holding that imprisonment is a valid condition of probation have generally relied on express statutory authority permitting such action. . . .' [Cit.]" *Thomas v. Maryland,* 582 A2d 586, 588 (Md. App. 1990). See also Anno., 6 ALR4th 446 (1981). There is no such express statutory authority in this state. " '[W]hile we recognize that incarceration as a condition of probation might be beneficial in [many] cases, we believe that "this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute(s)." ' [Cits.]" *Thomas v. Maryland,* supra at 588. "There are sound practical reasons why a legislative solution is more appropriate. A statute permits the creation of a more flexible set of standards for the length and place of incarceration as a condition of probation. It may also set the general class of offenders to which incarceration as a condition of probation is applicable." *Spencer v. Whyte,* 280 SE2d 591, 594 (II) [3] (W. Va. 1981). In the absence of express statutory authority recognizing continuous and uninterrupted incarceration in a jail or penitentiary as a viable condition of probation and establishing the parameters thereof, there are no guidelines for determining how, when and why that condition is to be imposed. A trial court may consider a four-year term of such incarceration to be "reasonable" under a given set of circumstances. A majority of this court may disagree and consider the four-year term of continuous and uninterrupted incarceration in a jail or penitentiary to be "unreasonable." The Supreme Court would then be called upon to decide whether the trial court or this court was correct in determining the "reasonableness" of a four-year term of incarceration under the given set of circumstances. Thus, in the absence of express legislative authority, *no* sentence imposing a period of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation could ever be deemed "reasonable" unless and until an appellate court has re-examined the circumstances and made its own subjective determination. It has long been recognized that jurisdiction to determine the length of sentence is in the trial court, and that appellate courts are not authorized to redetermine whether the sentence imposed is "reasonable" in length but are limited to consideration of whether "the trial [court] impose[d] a sentence *within the limits fixed by law.* . . ." (Emphasis supplied.) *Harper v. State,* 14 Ga. App. 603 (4) (81 SE 817) (1914). In the absence of express statutory authority for a trial court to impose *any* period of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation, we are compelled to hold

that the instant sentence imposed upon appellant was not "within the limits fixed by law" and must be reversed. It is not the four-year term of incarceration that is "unreasonable," but the imposition of *any* term of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation that is unauthorized by law.

" '[A] judgment of conviction will not be reversed and a new trial granted because of an error or irregularity in the manner of sentencing; the remedy is for the court to recall the defendant and sentence him as provided by law. [Cits.]' [Cits.] The case is therefore remanded with direction that the defendant be resentenced *in accordance with law*." (Emphasis supplied.) *Sherman v. State*, 142 Ga. App. 691, 692 (237 SE2d 5) (1977). In accordance with law, the trial court can sentence appellant to a term of continuous and uninterrupted incarceration in a jail or penitentiary with the balance of his sentence to be served on probation. However, the trial court will not be authorized to designate where that term of incarceration is to be served. See *In re Prisoners Awaiting Transfer*, 236 Ga. 516 (2) (224 SE2d 905) (1976). In the alternative, the trial court can, in accordance with law, sentence appellant to a fully probated sentence upon such conditions as it is authorized to impose, including either confinement in a local jail for *intermittent* periods, such as weekends, or limited confinement, other than in a jail or penitentiary, for a *continuous* period. However, the trial court will not be authorized to make a term of continuous and uninterrupted incarceration in a jail or penitentiary a condition of that probation.

*Judgments affirmed with direction. Sognier, C. J., McMurray, P. J., Birdsong, P. J., and Andrews, J., concur. Pope, Beasley, Cooper and Johnson, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I fully concur in Divisions 1 and 2 of the opinion and in the reversal of the sentence as imposing a statutorily unauthorized punishment. I respectfully disagree with the reason for the holding, that is, "the absence of express statutory authority for a trial court to impose *any* period of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation. . . ."

The court sentenced Pitts to serve 10 years as to Count 1, 5 years consecutive as to Count 2, and 5 years consecutive thereafter as to Count 3, "in the State Penal System or such other institution as the proper authority of said system may direct to be computed as provided by law." The whole sentence was probated upon a number of conditions, including: "Spend the next 24 months at Colquitt County Correctional Institution as a special condition of probation imposed as to Count 1," and immediately thereafter, spend another 24 months

at the same institution as to Count 2. Later, a five-year sentence of probation was added for the possession count, which was "to run concurrently with the sentence of probation in Count 1." In sum, defendant was to serve twenty years, the first four of which he was to be incarcerated in a county facility and the balance of which he was to be at liberty, under the remaining conditions of probation. Thus, the first four years were not, in effect, on probation. They simply constituted imprisonment in the county's custody rather than in the State's custody. This avoided the term of years authorized by law (OCGA §§ 16-13-30 (c), (d); 16-11-131 (b)), which would have placed defendant into the State's custody.

OCGA § 17-10-1 (a) (1) grants to the sentencing judge "power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, subject to the conditions set out in this subsection [(a)]." Condition (3) (A) clearly contemplates that the broad power and authority of the sentencing judge to impose the privilege of probation,[1] in lieu of imprisonment for a term of months (for misdemeanors) or a term of years in the State's custody (for felonies), includes certain types of confinement. It speaks of probationers who are "assigned to an alternative probation confinement facility"; it requires probationers who are revoked for certain reasons to serve not in the State prison system but rather in "a probation detention center, probation boot camp, diversion center, weekend lock up, or confinement in a local jail or detention facility, or other community corrections alternatives available to the court or provided by the Department of Corrections."

A similar provision is found in OCGA § 42-8-34.1 (b). It requires the court in probation revocations (other than those revoked because of a new felony offense) to "consider the use of alternatives [to a term of months or years] to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county." See also OCGA § 42-8-35.1, providing for special alternative incarceration as a condition of probation.

OCGA § 42-8-35 complements OCGA § 17-10-1 by specifying that "[t]he court shall determine the terms and conditions of probation. . . ." It lists ten conditions, which are non-exclusive. *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980). Included is item (6), "Remain within a specified location," which obviously contemplates a restriction on liberty and on freedom of movement. Confinement in a diversion center is not regarded as a term of imprisonment.

---

[2] See *Cross v. Huff*, 208 Ga. 392, 396 (67 SE2d 124) (1951).

*Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988). "Reasonable conditions," *Grant v. State*, 176 Ga. App. 460 (1) (336 SE2d 354) (1985), quoting from *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974), thus can include reasonable types and periods of confinement short of total incarceration, i.e., a term of months for misdemeanors or a term of years for felonies. As measured in *Inman v. State*, 124 Ga. App. 190, 194 (183 SE2d 413) (1971), "[c]onditions . . . should be . . . not unduly restrictive of [the probationer's] liberty. . . ."[2] This condition, like the others, gives the defendant the choice of limited freedom or no freedom at all. The latter is the case when a term is imposed, with no choice dependent on the prisoner's behavior.

The sentence imposed on Pitts amounted to the latter, two terms of total incarceration.

JOHNSON, Judge, concurring specially.

I concur fully in Divisions 1 and 2 of the opinion. I also concur in the conclusion in Division 3 that the trial court erred in making the appellant's 48-month incarceration in the county jail a condition of probation. I believe the trial court abused its discretion in imposing such a lengthy jail term as a condition of probation. However, I strongly disagree with the holding in Division 3 that a trial judge, absent express statutory authority, has no power to order a defendant to serve a reasonable period of time in jail as a condition of probation.

The legislature has already vested trial courts with broad discretion in imposing conditions of probation. *Grant v. State*, 176 Ga. App. 460 (1) (336 SE2d 354) (1985). "The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper." OCGA § 17-10-1 (a) (1). "The court shall determine the terms and conditions of probation." OCGA § 42-8-35. "*In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved." (Citations and punctuation omitted.) (Emphasis supplied.) *Grant*, supra at 460. Imposition of a reasonable term of incarceration as a condition of probation is not expressly prohibited by the legislature. Thus, such a condition should be approved. In my view, the broad discretion already given to trial courts by the legislature includes the authority to impose a reasonable period of incarceration as a condition of probation.

This sentencing option is widely employed by trial judges in Georgia. We may infer from the fact that this is a case of first impres-

---

[2] The court is quoting from American Bar Association tentative draft of "Standards Relating to Probation," Institute of Judicial Administration (1970), Section 3.2 (b). The wording was retained in the Approved Draft, 1970.

sion in Georgia that trial judges have not abused their discretion in using this sentencing option. The fact that the legislature has not limited the ability of trial courts to use this sentencing option also supports an inference that trial judges have not abused their discretion. Furthermore, the fact that the legislature has not acted other than as noted above indicates that the broad sentencing discretion it has granted is appropriate and puts in the hands of trial judges another option in fashioning sentences which meet the needs of the community and the defendant. There are a number of instances in which a traditional split sentence hurts the needs of both the defendant and the community. For example, a gainfully employed defendant immediately sent to jail upon sentencing is likely to lose his job. Trial courts have addressed this problem by imposing periods of incarceration on weekends and during vacation periods as a condition of probation in order to fashion an appropriate sentence without hurting society or placing undue burdens upon defendants and their families. The majority opinion, unfortunately, strips trial judges of such effective sentencing options. This court should not further restrict the already limited sentencing options of the State's trial courts.

I am authorized to state that Judge Pope and Judge Cooper join in this special concurrence.

DECIDED DECEMBER 4, 1992.

*Kirbo & McCalley, Thomas L. Kirbo III, Jon V. Forehand,* for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellee.

*Roger A. Baruch, James C. Bonner, Jr.,* amici curiae.