A97A1084. JOHNSON v. THE STATE.
(487 SE2d 90)

JOHNSON, Judge.

John Daniel Johnson was convicted of misdemeanor involuntary manslaughter. The trial court sentenced him to 12 months on probation with the conditions that he reside for 120 days at a boot camp and that he stay in the county jail until reporting to the camp. On appeal, this Court vacated that portion of the sentence requiring Johnson to remain in confinement until reporting to boot camp, but affirmed that portion of the sentence requiring him to attend boot camp as a condition of his probation. See *Johnson v. State*, 219 Ga. App. 547 (466 SE2d 63) (1995). The Supreme Court reversed in part, holding that participation in the boot camp program was available only to probationers sentenced for felony offenses. See *Johnson v. State*, 267 Ga. 77 (475 SE2d 595) (1996). We remanded the case to the trial court for resentencing. See *Johnson v. State*, 223 Ga. App. 224 (477 SE2d 913) (1996). On remand, the trial court again sentenced Johnson to 12 months on probation, this time imposing special conditions that he serve 120 days at the Athens Diversion Center and serve weekends at the Clarke County Jail until acceptance into the diversion center. Johnson asserts in this appeal of the new sentence that the trial court erred by sentencing him to an indetermi-

nate jail sentence as a condition of misdemeanor probation. We disagree.

Johnson relies on *Pitts v. State*, 206 Ga. App. 635, 639 (3) (426 SE2d 257) (1992), but this reliance is misplaced. "[T]he imposition of any term of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation . . . is unauthorized by law." (Emphasis omitted.) Id. As now crafted, the sentence does not require continuous and uninterrupted incarceration and therefore does not violate the holding of *Pitts*. In fact the Court in *Pitts* specifically recognizes that confinement for intermittent periods, such as weekends, or confinement in a facility other than a jail or penitentiary for a continuous period are appropriate conditions of probation. Id.

Neither is the requirement that weekends be served at the jail until Johnson can be placed at the Athens Diversion Center indeterminate and therefore an improper condition of probation. "A trial court certainly has broad discretion to determine the terms and conditions of probation. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved." (Citation, punctuation and emphasis omitted.) *Pitts*, supra at 637 (3). In *Ballenger v. State*, 210 Ga. App. 627, 629 (3) (436 SE2d 793) (1993), we noted that the conditions of probation cannot exceed the length of the sentence. Therefore, Johnson can expect to serve 52 weekends in jail, unless an opening at the diversion center becomes available prior to the expiration of that time. See *Acker v. State*, 184 Ga. App. 321 (361 SE2d 509) (1987). Noting that conditions of probation are not imposed involuntarily, but are accepted by convicted criminals, such as Johnson, to avoid incarceration, *Falkenhainer v. State*, 122 Ga. App. 478, 479 (177 SE2d 380) (1970), we do not find that the conditions of this probated sentence, as tailored by the trial judge, are either unreasonable or indefinite.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 16, 1997.

Before Judge Stephens.

*Lawrence S. McLarty*, for appellant.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.