A99A1562. REDDING v. THE STATE.
A99A1563. GAY v. THE STATE.
(521 SE2d 840)

McMURRAY, Presiding Judge.

Defendants Danny Redding and Durante Gay were tried jointly before a jury and convicted of possession of cocaine with intent to distribute. Defendant Redding was also convicted of felony obstruction of an officer. The evidence which authorized these convictions, construed so as to uphold these verdicts (*Mills v. State*, 137 Ga. App. 305 (1), 306 (223 SE2d 498)), reveals the following:

At about 10:00 in the morning on March 20, 1997, City of Atlanta Police Officers Michael Giugliano and A. L. Dorsey, while conducting a covert surveillance operation in an area known for illegal drug activity, observed defendants Redding and Gay execute several deals which appeared to be illegal curbside drug transactions. The officers observed defendant Gay collect money from approaching customers and then direct them to defendant Redding, who was standing nearby. The officers then watched defendant Redding open a clear plastic bag and give each customer what appeared "to be a hit of crack cocaine." After one such customer began consuming his purchase ("hit the pipe"), Officers Giugliano and Dorsey moved in to investigate — but not without trouble.

When the officers approached, defendant Gay turned and walked away. But defendant Redding "turned and spit [a] clear plastic bag [from his mouth], which contained 21 hits of suspected crack cocaine

to the ground, turned back and swung at [Officer Giugliano] and struck [him] in the chest." Officers Giugliano and Dorsey wrestled with defendant Redding and exposed him to a debilitating "pepper spray." The officers handcuffed Redding and then radioed for an ambulance and additional police support. After this help arrived, defendant Gay returned to the scene and joined a crowd of bystanders. Officer Giugliano spotted him and directed another officer to arrest defendant Gay. This officer complied, but a search of defendant Gay revealed no drugs or money.

Defendants filed these appeals after the denial of their motions for new trial. *Held*:

### Case No. A99A1562

1. Defendant Redding's sole defense at trial was that Officers Giugliano and Dorsey are falsely prosecuting him for the charged offenses because he refused to provide information against a suspected drug dealer whom the officers had targeted for arrest — Grady Blackwell. Citing *Walker v. State*, 260 Ga. 737 (399 SE2d 199), and *Henderson v. State*, 255 Ga. 687 (341 SE2d 439), Redding contends the trial court prevented him from developing this defense by cutting off his cross-examination of Officer Giugliano as to the officer's motive for arresting defendant Redding. Defendant Redding proffered cross-examination of Officer Giugliano at trial showing that Grady Blackwell is a convicted felon (based on a firearms violation and two drug violations) and that Blackwell's convictions were the result of Officer Giugliano's law enforcement efforts.

*Walker* and *Henderson* provide that it is error to exclude evidence relevant to an accused's sole defense, but explain that exclusion of such evidence is reversible only when the evidence would have been enough to raise a reasonable doubt of the accused's guilt. *Henderson v. State*, 255 Ga. at 689 (1), supra; *Walker v. State*, 260 Ga. at 738 (1), supra. Evidence which can have no other effect but to cast a bare suspicion is not admissible. *Croom v. State*, 217 Ga. App. 596, 598-599 (3) (458 SE2d 679).

Although Officer Giugliano's proffered testimony reveals that he arrested Grady Blackwell on more than one occasion before the incident at issue in the case sub judice, this proffer does not directly or indirectly support defendant Redding's theory that any law enforcement officer is falsely accusing him of the crimes charged based on his refusal to provide information against Grady Blackwell. Since proof of Officer Giugliano's law enforcement efforts against Grady Blackwell would have done nothing but cast a bare suspicion in support of defendant Redding's defense, the trial court did not err in excluding Officer Giugliano's proffered testimony. See *Croom v. State*,

217 Ga. App. at 598 (3), supra.

2. Relying on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), defendant Redding contends the trial court erred in finding that racial bias did not motivate the State's attorney's use of a peremptory strike to remove a prospective African-American juror. The State's attorney explained that he excluded this prospective juror because

> all throughout individual voir dire . . . she had a bad attitude [and she] was continually banging on the podium thing there as if she didn't want to be here in the first place [and] the State's position is that she would not have made an attentive juror and give all consideration to the evidence presented. . . .

Defendant argues that this explanation was contrived, pointing out that this prospective juror was otherwise articulate, educated and straightforward.

Under *Batson v. Kentucky*, 476 U. S. 79, supra, the State's explanation for striking a prospective juror must be neutral, related to the case to be tried, and reasonably specific. The trial court's decision as to whether these factors are satisfied rests largely upon an assessment of the State's attorney's state of mind and credibility — issues which are peculiarly within a trial judge's province. The trial court's factual findings in this regard must therefore be given great deference on appeal and may be disregarded only if clearly erroneous. *Sorrells v. State*, 218 Ga. App. 413-414 (2) (461 SE2d 904).

Although there are indications that the prospective juror in question would have been well suited for jury service, these factors alone do not demand a finding that the State's attorney improperly employed a peremptory strike to exclude this prospective juror. Consequently, since the State's attorney's explanation for excluding the prospective juror in question — perceived hostility, impatience and inattentiveness — have been found to be a fair basis for exercising a peremptory strike (*Jones v. State*, 226 Ga. App. 428, 429 (1) (f) (487 SE2d 62); *Moak v. State*, 222 Ga. App. 36, 38-39 (3) (473 SE2d 576)), we cannot say the trial court erred in determining the State's attorney's peremptory strike was not improperly motivated by racial bias.

3. The trial court did not abuse its discretion in denying defendant Redding's motion for mistrial based on Officer Dorsey's testimony regarding defendant Redding's custodial admission that he was selling drugs "for himself." Although the State did not provide defendant with notice of this admission in accordance with OCGA § 17-16-4 (a) (1), defendant Redding made no showing at trial that he was prejudiced as a result of the State's failure to make the custodial

admission available to him prior to trial or that the State acted in bad faith in failing to comply with OCGA § 17-16-4 (a) (1). Indeed, the State did not even offer defendant Redding's custodial admission into evidence at trial. Defendant Redding's incriminating custodial statement was elicited by defendant Gay's attorney during Officer Dorsey's cross-examination. In the absence of a showing of prejudice and bad faith, the trial court is not authorized to sanction the State for failing to comply with OCGA § 17-16-4 (a) (1). *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241).

### Case No. A99A1563

4. Because defendant Redding invoked the Fifth Amendment at trial, defendant Gay contends the trial court's denial of his motion to sever the parties is reversible error because a joint trial excluded the possibility of testimony from defendant Redding that defendant Gay had nothing to do with the alleged curbside drug operation.

The decision to sever was within the trial court's discretion, and we will not disturb that ruling absent a showing of clear abuse of that discretion. OCGA § 17-8-4; *Stephens v. State*, 170 Ga. App. 267 (1) (316 SE2d 847). Although defendant Redding was not available for cross-examination at trial, this alone does not demand a finding that the denial of defendant Gay's motion to sever was an abuse of discretion. A defendant seeking severance on such grounds must at least show a bona fide need for a co-defendant's testimony. *Stevens v. State*, 165 Ga. App. 814, 817 (3) (302 SE2d 724), rev'd on other grounds, *Green v. State*, 260 Ga. 625, 626 (398 SE2d 360). In the case sub judice, defendant Gay cannot meet this burden because he established during his cross-examination of Officers Giugliano and Dorsey the same fact that defendant Redding would have allegedly provided in support of his defense, i.e., defendant Redding's custodial statements that defendant Gay had nothing to do with the alleged curbside drug operation. See *Haynes v. State*, 199 Ga. App. 288, 291 (4) (404 SE2d 585).

The factors a trial court must consider in exercising its discretion in regard to a motion to sever are (1) whether the number of defendants will create confusion as to the evidence and the law applicable to each, (2) whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions, and (3) whether the defendants' defenses are antagonistic to each other or to each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856). None of these factors is present in the case sub judice.

There was no danger of confusion based on the number of defendants because there were only two. There was no evidence

admissible against one defendant which was inadmissible against the other. And the defenses of the respective defendants were not antagonistic. They both denied operating a curbside drug operation — defendant Gay alleged that he was an innocent bystander and defendant Redding alleged that he was being set up by the police. These circumstances demonstrate that the trial court did not abuse its discretion in denying defendant Gay's motion to sever.

5. Defendant Gay contends a proper chain of custody was not established so as to authenticate the bag of cocaine defendant Redding discharged from his mouth at the crime scene. There being no evidence of tampering, the chain of custody was adequately established by testimony indicating that proper security procedures were followed by law enforcement authorities at the police department and the State Crime Laboratory. *Montgomery v. State*, 155 Ga. App. 423, 425 (5) (270 SE2d 825).

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1999.

*Zell & Zell, Rodney S. Zell*, for appellant (case no. A99A1562).
Danny Redding, *pro se.*
*Richard O. Allen*, for appellant (case no. A99A1563).
*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker*, Assistant District Attorney, for appellee.