## A00A0577. YOTHER v. THE STATE.
### (532 SE2d 696)

BARNES, Judge.

Gregory Alan Yother appeals his conviction of escape, contending that the sentence under which he was confined was unlawful. Therefore, he argues, the trial court erred in denying his motion for directed verdict because the State failed to prove a necessary element of the crime. For the reasons that follow, we affirm the conviction.

Yother pled guilty to misdemeanor stalking and disorderly conduct in August 1996 and was sentenced to two consecutive twelve-month terms of probation, along with various fines and fees. The trial court revoked his probation on December 10, 1996, for violating the terms and conditions of his probation and, in an order under review here, sentenced him as follows:

Revoke, reinstate under original terms and conditions with special condition to remain in Gilmer Co. Jail under work release until all fines, fees and civil obligations are paid. Civil obligation in amount of $1299.93 will be paid through Ellijay Probation Office. . . . If defendant fails to pay all obligations, the defendant will serve a term at the Gainesville Diversion Center at the discretion of the probation officer.

On December 26, 1996, Yother signed out of the Gilmer County jail at 5:35 a.m. to go to work. He never returned. Yother was arrested in March 1997 and indicted the next month for escape. A jury convicted him in November 1997, and the trial court denied his motion for new trial in September 1999.

In *Chandler v. State*, 257 Ga. 775 (364 SE2d 273) (1988), the Supreme Court of Georgia considered whether a probationer participating in an alternative incarceration program who failed to return after being given permission to leave for a time could be prosecuted for escape or merely for probation revocation. The court held that the lesser penalty of revocation applied. Id. at 776.

Subsequently, the legislature amended the escape statute to provide that a person commits the offense of escape when he:

[i]ntentionally fails to return as instructed to lawful custody or lawful confinement or to any residential facility operated by the Georgia Department of Corrections after having been released on the condition that he or she will so return; provided, however, such person shall be allowed a grace period of eight hours from the exact time specified for return if such person can prove he or she did not intentionally fail to return.

OCGA § 16-10-52 (a) (5).

Yother contends that his confinement was not lawful because the sentence he received when his probation was revoked was void. The sentence was void, he continues, because it purported to place him on probation, but also impermissibly required him to serve a period of confinement as a special condition of probation, which this court specifically found unauthorized in *Pitts v. State*, 206 Ga. App. 635, 639 (3) (426 SE2d 257) (1992).

However, under the terms of Yother's probation:

> [a]s now crafted, the sentence does not require continuous and uninterrupted incarceration and therefore does not violate the holding of *Pitts*. In fact the Court in *Pitts* specifically recognizes that confinement for intermittent periods, such as weekends, or confinement in a facility other than a jail or penitentiary for a continuous period are appropriate conditions of probation. Id.

*Johnson v. State*, 226 Ga. App. 503, 504 (487 SE2d 90) (1997). See also *McKinney v. State*, 240 Ga. App. 812, 815 (2) (525 SE2d 395) (1999). Therefore, Yother's confinement was lawful, and the trial court did not err in denying his motion for a directed verdict.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 27, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000 — 

*Abernathy & Ballinger, Eric A. Ballinger,* for appellant.

*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney,* for appellee.