## A01A1113. GOSIER v. THE STATE.
(548 SE2d 107)

MIKELL, Judge.

Jermaine Gosier pleaded guilty to two counts of aggravated assault and was sentenced to serve eleven years on probation on con-

dition, among others, that he serve not less than 270 nor more than 360 days in a Department of Corrections detention center, followed by a minimum of 180 days in a diversion center until his fine and restitution were paid in full. Gosier does not challenge the trial court's authority to order such limited confinement as a special condition of probation.[1] At the end of the sentencing hearing, however, Gosier asked the court to permit him to remain out on bond pending the availability of a bed at the detention center. The court replied: "Not today. We'll see what the bed opening situation is, and then I'll review it at that time." On appeal, Gosier alleges that the trial court lacked the authority to impose confinement after sentencing him to probation. We disagree.

Gosier's argument misinterprets *Pitts v. State*[2] and its progeny. In *Pitts*, we held that a trial court cannot impose any period of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation.[3] Subsequently, in *Jones v. State*[4] and *Johnson v. State*[5] we held that the trial court could not order, *as a condition of probation*, that the defendants remain incarcerated until space became available for them in a boot camp. Here, in contrast, the trial court's ruling that the defendant be held in jail until space became available in the detention center was not included in his conditions of probation. While this difference may be purely semantic, nevertheless it suffices to distinguish *Jones* and *Johnson* from the instant case. Moreover, in *Penaherrera v. State*,[6] we observed: "The fact that defendant was not transferred to the detention center until 27 or 28 days after sentencing does not invalidate the sentence or violate its terms. The types of confinement designated in the sentence were within the bounds of the law and did not constitute an abuse of discretion." Here, too, we hold that the trial court did not abuse its discretion in declining to release Gosier on bond pending the availability of a bed in the detention center.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED APRIL 25, 2001.

*Ronald L. Beckstrom*, for appellant.

---

[1] In *Penaherrera v. State*, 211 Ga. App. 162, 163 (1) (438 SE2d 661) (1993), this court held that a trial court has the discretion to condition probation upon limited confinement in a detention or diversion center or in the defendant's own home.

[2] 206 Ga. App. 635 (426 SE2d 257) (1992).

[3] Id. at 637 (3).

[4] 224 Ga. App. 340, 341 (1) (480 SE2d 618) (1997).

[5] 219 Ga. App. 547, 550 (3) (466 SE2d 63) (1995), rev'd on other grounds, 267 Ga. 77 (475 SE2d 595) (1996).

[6] Supra at 164.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.