45692. ALLEN v. THE STATE.
(369 SE2d 909)

GREGORY, Justice.

Allen pled guilty to an accusation charging the crime of theft by receiving. The court sentenced him to serve five years, 90 days in confinement with the balance on probation. He appeals contending one of the conditions of probation is invalid.

Allen has a record of theft and drug offenses. The charge in this case was receiving a stolen vehicle. The transcript of the sentencing hearing shows the sentence was based on a plea bargain between the prosecutor and defense counsel. One aspect of the bargain insisted on by the prosecutor and agreed to by Allen and his attorney was that Allen waive his Fourth Amendment rights while on probation. Without this condition there was little prospect the prosecutor would recommend or the judge accept a recommendation for a probated sentence.

After the terms of the plea bargain were fully discussed in open court, the judge imposed a sentence of 90 days confinement followed by probation during the remainder of a five-year period. A special condition of probation in the sentence is, "defendant shall waive all Fourth Amendment rights and submit to random searches of his residence, automobile or any other building in which the defendant is located by law enforcement officers without notice and without probable cause."

1. Allen claims the condition (not the sentence) is void under the Fourth Amendment to the United States Constitution and wants this court to declare it so. He does not ask that we set his sentence aside and remand for resentencing. Some courts have held such to be the remedy, if any is appropriate in cases like this. *In re Fadden,* 530 A2d

560 Vt. (1987).

2. Allen argues that the Fourth Amendment applies to probationers as well as other citizens. He is correct. *Griffin v. Wisconsin*, 483 U. S. ___ (107 SC 3164, 97 LE2d 709) (1987). If that is not so there is nothing for him to waive and the condition is redundant. The issue is not whether there is a right, but whether the right was validly waived.

3. Considering Allen's background of drug and theft related convictions and the current offense of theft by receiving, the condition which will allow officials to monitor his activities is tied to the rehabilitative purpose of his probationary sentence. *Luke v. State*, 178 Ga. App. 614, 616 (344 SE2d 452) (1986). Therefore, Allen's agreement, reached in the plea bargain, resulted in a sentencing condition related to a legitimate purpose underlying the criminal justice system. He is not confronted with an arbitrary loss of constitutional rights. His loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.

4. Allen does not contend his plea was coerced or otherwise involuntary. He does not ask us to set his sentence aside. He does ask this court to declare void the condition regarding his Fourth Amendment rights. We decline because he validly waived those rights through the plea bargaining process.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 14, 1988.

*B. Andrew Prince*, for appellant.

*C. Andrew Fuller, District Attorney, C. David Turk III, Assistant District Attorney*, for appellee.