## A92A1223. HANCOCK v. THE STATE.
### (424 SE2d 77)

COOPER, Judge.

Appellant appeals the revocation of his probation, raising as his sole enumeration of error the denial of his motion to suppress cocaine found during a search of his person and vehicle.

In 1989 appellant pled guilty to violating the Georgia Controlled Substances Act and was sentenced to five years, to be served on probation. One of the special conditions of his probation ("Special Condition #5") provided as follows:

"Probationer shall submit to a search of his person, houses, papers and/or effects as those terms of the fourth amendment of the United States Constitution are defined by the court, any time of the day or night, with or without a search warrant whenever requested to do so by a probation supervisor or any law enforcement officer and specifically consents to the use of anything seized as evidence in a proceeding to revoke this order of probation."

In April 1991, law enforcement officers who had been investigating appellant's drug-related activities stopped appellant. With appellant's consent, they searched his vehicle but found nothing. One of the officers frisked appellant and pulled off appellant's cap, under which was 56.6 grams of cocaine in two cellophane bags. At the probation revocation hearing appellant moved to suppress the fruit of the warrantless search. The trial court denied the motion based on Special Condition #5 and revoked the remainder of appellant's probation.

While acknowledging that conditions of probation requiring consent to searches without probable cause are valid as a general matter, appellant argues that the search in this case was illegal despite Special Condition #5 because it was conducted by law enforcement officers without the involvement of a probation supervisor. Special Condition #5 specifically states, however, that the request to search may be "by a probation supervisor *or any law enforcement officer.*" Upholding as constitutional an identical condition of probation, the Eleventh Circuit refused to limit searches allowable under the condition to those conducted by probation supervisors. See *Owens v. Kelley*, 681 F2d 1362 (11th Cir. 1982). In addition, this court refused to rule that only probation officers are allowed to request urinalysis tests from probationers under an analogous condition of probation requiring consent to random drug testing upon request of any probation supervisor or law enforcement officer. *Green v. State*, 194 Ga. App. 343 (2) (390 SE2d 285), aff'd 260 Ga. 625 (398 SE2d 360) (1990). Similarly, the lack of a probation officer's involvement in this case does not render Special Condition #5 inapplicable or the search illegal.

Alleging that he was stopped numerous times in the several

months prior to the search which produced the evidence in question here, appellant further contends that the search was illegal because it was conducted in bad faith, for purposes of harassment. See *Luke v. State*, 178 Ga. App. 614, 616 (2) (344 SE2d 452) (1986). There is undisputed testimony in the record, however, that the officers conducting the challenged search were acting on information from a confidential informant whose information was corroborated on many different points. "Although the [search] at issue in the present case was not made as a routine incident of the probation supervision process . . . , it is apparent without dispute from the record that it was prompted by a good-faith suspicion, arising from routine police investigative work, that the appellant was dealing in drugs, rather than by a desire to harass him." *Green*, supra at 344.

Nor do we find appellant's argument that the search improperly furthered law enforcement rather than probationary purposes persuasive. "[T]he two essential purposes of probation in Georgia, as elsewhere are the rehabilitation of the probationer, *and the protection of society.* [Cits.] . . . The search condition advances the probationary purpose of protecting society by enhancing the ability of law enforcement officers to detect any unlawful narcotics activities that [the probationer] may be engaged in." (Emphasis supplied.) *Owens*, supra at 1366-1367. Thus, "[s]ince the essential task of law enforcement is the protection of society," id. at 1367, and the protection of society is an essential purpose of probation, appellant's argument sets up a false dichotomy: the purposes of law enforcement and probation are not mutually exclusive and will often, as they do here, overlap. Accordingly, the trial court did not err in denying appellant's motion to suppress and revoking his probation.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 22, 1992.

*Bagby, Bagby & Henley, T. Lee Henley, Barbara J. Gale*, for appellant.

*Darrell E. Wilson, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.