## A92A2064. THE STATE v. BETHUNE.
(427 SE2d 795)

CARLEY, Presiding Judge.

Appellee was charged with giving a false statement in violation of OCGA § 16-10-20 and possession of marijuana with intent to distribute. He filed a motion to suppress the marijuana, which had been found in a search of his home conducted pursuant to a search warrant. The trial court granted this motion, and the State appeals.

1. The State relies, in part, upon the good faith exception of *United States v. Leon,* 468 U. S. 897 (104 SC 3405, 81 LE2d 677) (1984). However, the Supreme Court of Georgia has recently held that, under OCGA § 17-5-30, this exception is not applicable in Georgia. *Gary v. State,* 262 Ga. 573 (422 SE2d 426) (1992).

2. The State also urges that the sufficiency of the warrant is irrelevant, because the search was the valid result of appellee's waiver of his Fourth Amendment rights. In this regard the State relies upon the following, which had been made a condition of appellee's probation in a previous case: "Defendant shall submit defendant's person, premises, or motor vehicle to search by any law enforcement officer at any time without the necessity of a search warrant, and defendant agrees and consents that any evidence seized shall be admissible in any Court as evidence against defendant without objection."

While implicitly "acknowledging that conditions of probation requiring consent to searches without probable cause are valid as a gen-

eral matter, [appellee] argues that the search in this case was illegal despite [this condition of his probation] because it was conducted by law enforcement officers without the involvement of a probation supervisor. [The condition] specifically states, however, that the . . . search may be 'by . . . *any law enforcement officer.*' . . . [T]he lack of a probation officer's involvement in this case does not render [the condition] inapplicable or the search illegal. . . . [Appellee] further contends that the search was illegal because it was conducted in bad faith, for purposes of harassment[, and not for purposes of monitoring his compliance with the terms of his probation]. [Cit.] . . . 'Although the (search) at issue in the present case was not made as a routine incident of the probation supervision process . . . , it is apparent without dispute from the record that it was prompted by a good-faith suspicion, arising from routine police investigative work, that the [appellee] was dealing in drugs, rather than by a desire to harass him.' [Cit.] . . . Accordingly, the trial court . . . err[ed] in [granting appellee's] motion to suppress. . . ." (Emphasis in original.) *Hancock v. State,* 205 Ga. App. 890 (424 SE2d 77) (1992).

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993 —
RECONSIDERATION DENIED FEBRUARY 11, 1993.

*Ralph L. Van Pelt, Jr., District Attorney*, for appellant.
*Christopher A. Townley*, for appellee.