## A93A1575. BALLENGER v. THE STATE.
(436 SE2d 793)

JOHNSON, Judge.
Michael Scott Ballenger pled guilty to charges of interference

---

with government property, obstruction of an officer, habitual violator, driving under the influence of alcohol and operating a vehicle with a foreign license. Numerous conditions were imposed on the probated portion of the five-year sentence Ballenger received, including a special condition requiring Ballenger to wear a fluorescent pink plastic bracelet imprinted with the words "D.U.I. CONVICT" until further order of the court. At the sentencing hearing, the court acknowledged that Ballenger had reserved the right to challenge that condition of probation on appeal.

1. In his first enumeration of error, Ballenger asserts that the trial court lacks authority to impose the wearing of the bracelet as a part of the sentence because it is not specifically authorized by an existing Georgia statute. This argument is without merit. Ballenger received a five-year sentence in accordance with OCGA § 40-5-58 (as in effect on the date of the offense) on the felony charges and twelve months, to be served concurrently on the misdemeanor charges. The trial judge is expressly authorized by OCGA § 17-10-1 (a) to "suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. . . ." OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980). "A trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved." (Citations and punctuation omitted.) *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992). In affirming a trial court's imposition of an unusual condition of probation in *Mangiapane v. State*, 178 Ga. App. 836 (344 SE2d 756) (1986), we found that requiring the appellant, convicted of driving under the influence of alcohol, to complete the written requirements for Boy Scout merit badges on the subjects of traffic safety, law and citizenship in the community had rehabilitative value and served a useful purpose. This is just one example of a condition which was tailored by a trial court, but was not expressly authorized by specific Georgia statute. Ballenger's assertion that the conditions of probation must be expressly authorized by statute is incorrect.

2. Ballenger argues that requiring him to wear the bracelet violates his equal protection rights and constitutes cruel and unusual punishment. In support of these arguments he cites *Covington v. State*, 157 Ga. App. 371 (277 SE2d 744) (1981), in which we held: " 'A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit.' " Arguing the reverse, he asserts that since the condition of probation is not specifically authorized by statute, it is not within statutory limits and is therefore cruel and unusual. For the

reasons discussed in Division 1 above, this argument is without merit.

Ballenger also relies on *Inman v. State*, 124 Ga. App. 190 (183 SE2d 413) (1971), in which we held that a condition of probation requiring appellant to cut his hair during the term of his probation was unreasonable because it was not related to his rehabilitation and invaded his constitutionally protected right to self-expression. However, "[t]he two essential purposes of probation in Georgia, as elsewhere are the rehabilitation of the probationer, *and the protection of society*." (Punctuation omitted.) *Hancock v. State*, 205 Ga. App. 890, 891 (424 SE2d 77) (1992), citing *Owens v. Kelley*, 681 F2d 1362 (11th Cir. 1982). Being jurists rather than psychologists, we cannot say that the stigmatizing effect of wearing the bracelet may not have a rehabilitative, deterrent effect on Ballenger. See *Lindsay v. State*, 606 S2d 652, 657 (5) (Fla. App. 1992). Certainly the fines and/or incarceration this defendant received in connection with his numerous previous driving under the influence and habitual violator convictions did not succeed in rehabilitating him. It may also serve the second purpose, that of protecting society, in the event someone notices the bracelet and chooses not to ride with Ballenger or refuses to allow him to drive. Balancing the possible beneficial purpose of this condition of probation, we do not find as a matter of law that the possible embarrassment of being required to wear the bracelet constitutes an unreasonable infringement on Ballenger's constitutional rights. Finally, we do not find the trial court's assessment that this condition has rehabilitative value to be so totally without basis that we will interfere with its broad discretion in matters of conditions of probation.

3. In his last enumerated error, Ballenger argues that the condition which requires him to wear the bracelet until further order of the court violates the provisions of OCGA § 17-10-1 (a) because it is indeterminate in duration. The conditions of probation cannot exceed the length of the sentence. It follows, therefore, that if the trial court has not entered an order permitting the removal of the bracelet prior to the expiration of the five-year sentence, the ability of the court to enforce the terms of the conditions of the probation would lapse at that point. Ballenger could then remove the bracelet without leave of court and would not be in violation of the conditions of his probation. It would have been clearer if the trial court framed this condition of probation differently, i.e., ordered Ballenger to wear the bracelet for the entire period of his probation, unless specially permitted to remove it by order of the court. Nonetheless we do not find that the condition, as worded, is indeterminate in length or is so confusing so as to require a remand for clarification.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews and Smith, JJ., concur. Beasley, P. J., concurs specially. Blackburn and Cooper, JJ., dissent.*

BEASLEY, Presiding Judge, concurring specially.

In addition to protecting society by alerting its members of defendant's dangerous propensity to drink and drive, the wearing of the bracelet serves as a constant visual reminder to defendant himself of the consequences of driving while intoxicated. Thus it would also have a least a deterrent, if not a rehabilitative, effect. Even if he hides it under his sleeve, he will know it is there.

BLACKBURN, Judge, dissenting.

I must respectfully dissent, because I do not agree that requiring a DUI convict to wear a fluorescent pink identification bracelet identifying him as such, as a condition of probation, serves any legitimate purpose of probation.

OCGA § 42-8-35 sets forth 12 acceptable conditions that may be imposed on probation. As noted by the majority opinion, however, that list is not exclusive. *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980). "The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why *any reasonable condition* imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, *upon reasonable conditions*, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement. [Cits.]" (Emphasis supplied.) *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).

In Georgia, the two essential purposes of probation are the rehabilitation of the probationer and the protection of society. *Hancock v. State*, 205 Ga. App. 890 (424 SE2d 77) (1992). Although conditions of probation have been imposed for economically punitive purposes, even then, such conditions must not exceed the statutory limits and must also be reasonably calculated to serve one of the legitimate purposes of probation, else they are invalid. *Grant v. State*, 176 Ga. App. 460 (336 SE2d 354) (1985).

In the instant case, the clear purpose of requiring Ballenger to wear a fluorescent pink bracelet proclaiming him to be a DUI convict was simply to punish him by humiliation. As noted in *Lindsay v. State*, 606 S2d 652 (5) (Fla. App. 1992), cited by the majority opinion, a few courts have subscribed to the theory that measures such as wearing the "scarlet letter" or a sandwich board describing one's transgressions promote rehabilitation by providing a constant reminder that past conduct was legally and socially wrong. In my view, humiliation is a form of punishment which is not authorized by statute.

While the trial judge is to be commended for seeking innovative

ways of dealing with a serious social problem, it is clear under Georgia law that the role of prescribing punishment for criminal acts lies with the legislature and a rationale of rehabilitation may not be used to vest such authority in the judiciary. While it may well be argued that the identifying of those who have been convicted of a crime serves to protect the public, such debate should occur in the legislature and not be unilaterally determined to be an implied power of the judiciary. If it were otherwise, one might well ask why this measure has not been employed in cases involving other offenses besides DUI. If wearing a fluorescent pink bracelet rehabilitates a probationer or protects society to any appreciable degree, should not child molesters, rapists, armed robbers, or murderers be required to wear such a badge of dishonor? Compared to the imposition of the subject condition on those convicted of DUI such a practice certainly would be more reasonable with regard to satisfying the rehabilitation purpose, and would be far more protective of society.

In its brief, the State points out that this condition of probation actually was not negotiated by the State and Ballenger or requested by the State. Rather, the trial court imposed the condition at the time it accepted Ballenger's guilty plea and pronounced the sentence.

In *Inman v. State*, 124 Ga. App. 190 (183 SE2d 413) (1971), this court struck down a condition of probation requiring the probationer to get a short haircut, as representing no more than the trial judge's taste in personal appearance. In doing so, we emphasized: "Society has not authorized its courts to make such conditions for probationers. Some other judge could well decide that they ought to wear striped uniforms and have shaven heads." Id. at 194. We further observed in *Inman* that imposition of unreasonable conditions of probation may instill a sense of disrespect for the criminal justice system. That same reasoning and concern is applicable in this case and for the same reason changes of the type herein involved must be authorized by the legislature.

We should once again remind ourselves, " 'Judges ought to remember that their office is *jus dicere*, and not *jus dare*; to interpret law, and not to make law, or give law.' " *Grant v. State*, supra at 461. As the subject condition does not legitimately serve either of the essential purposes of probation required under Georgia law, it should be rejected by this court.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED OCTOBER 21, 1993.

*John R. Earl*, for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant*

*District Attorney*, for appellee.