A94A2265. TUTTLE v. THE STATE.
(450 SE2d 863)

McMURRAY, Presiding Judge.

Defendant Tuttle entered pleas of guilty to two counts of aggravated child molestation, two counts of aggravated sodomy, and five counts of child molestation. The victim of each offense was defendant's daughter. In this appeal, defendant raises two enumerations of error which relate only to his sentencing. *Held:*

1. In the first enumeration of error, defendant contends that the superior court erred in considering a report based in large part upon results of penile plethysmograph testing in determining defendant's sentence since evidence of the results of such testing has been held inadmissible. *Gentry v. State*, 213 Ga. App. 24, 25 (2) (443 SE2d 667). However, we are unable to reach the merits of defendant's contention since this issue was not preserved for appellate review by any objection below. While there was some reference at the sentence hearing to the report of which defendant now complains, and it was clearly apparent that the superior court had received and would consider the

report, there was no objection to consideration of the report on the grounds now stated by defendant. This court will not consider issues raised for the first time on appeal. *Chalker v. State*, 184 Ga. App. 596 (1) (362 SE2d 152).

2. Defendant's remaining enumeration of error maintains that the superior court erred in imposing as a condition of probation that defendant have no direct or indirect contact with his seven-year-old daughter until she reaches the age of majority. While defendant acknowledges that this court has upheld conditions of probation which restricted contact between family members for brief periods of time, he argues that the duration of the ban on contact imposed upon him is an abuse of the superior court's discretion and a violation of his rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

"The trial judge is expressly authorized by OCGA § 17-10-1 (a) to 'suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. . . .' OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. *Parkerson v. State*, 156 Ga. App. 440 (274 SE2d 799) (1980). 'A trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved.' (Citations and punctuation omitted.) *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992)." *Ballenger v. State*, 210 Ga. App. 627, 628 (1) (436 SE2d 793). See also *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472).

In some instances a condition of probation involves a waiver of a defendant's rights including those protected by state or federal constitutions. However, the conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. *Falkenhainer v. State*, 122 Ga. App. 478, 480 (177 SE2d 380). Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is "related to a legitimate purpose underlying the criminal justice system . . . [or whether defendant's] loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence." *Allen v. State*, 258 Ga. 424, 425 (3) (369 SE2d 909). See also *Land v. State*, 262 Ga. 898, 901 (5) (426 SE2d 370).

A condition of probation which precludes contact between the perpetrator of a sexual crime and his victim bears a reasonable relation to future criminality especially where a family relationship provided the opportunity for the past criminal conduct. *Potts v. State*,

207 Ga. App. 863, 866 (3) (429 SE2d 526); *Hardman v. Hardman*, 185 Ga. App. 519, 521 (5) (364 SE2d 645) (overruled on other grounds *Pender v. Witcher*, 196 Ga. App. 856 (397 SE2d 193)); *West v. State*, 160 Ga. App. 855, 856 (4) (287 SE2d 694). As to the duration of the conditions of probation, we find that the general rule is that the conditions may remain in force for the period of probation and find no authority which would require curtailing the conditions of probation at an earlier date in the case sub judice. See *Ballenger v. State*, 210 Ga. App. 627, 629 (3), supra; *Wyche v. State*, 197 Ga. App. 148, 149 (3) (397 SE2d 738).

Judgment affirmed. *Pope, C. J., and Smith, J., concur.*

DECIDED DECEMBER 1, 1994.

*Summer & Summer, Daniel A. Summer, Chandelle Summer*, for appellant.

*Lydia J. Sartain, District Attorney, W. M. Brownell, Jr.*, Assistant District Attorney, for appellee.