## A98A0937. FOX v. THE STATE.
(509 SE2d 75)

BLACKBURN, Judge.

David Fox appeals his convictions for possession of marijuana with intent to distribute and possession of a firearm by a convicted felon, contending the trial court erroneously denied his motion to suppress the drug evidence discovered during a search of his residence. Fox contends that the search resulted from an unenforceable condition of probation on a previous conviction, which was not imposed by the trial judge, but rather was added by the probation officer. The record does not clearly establish whether or not the sentencing judge in the prior case imposed the special search condition, and the trial court in this case made no findings on this issue.

"On [a] motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. *State v. Swift*, 232 Ga. 535, 536 (1) (207 SE2d 459) (1974)." (Citation and punctuation omitted.) *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992). Here, the trial judge determined that Fox had waived his Fourth Amendment rights and had freely and voluntarily accepted such condition.

In 1995, Fox pled guilty to burglary in Bartow County and was sentenced to ten years probation. The special condition form, which Fox freely and voluntarily signed, provided that "Probationer shall submit to a search of his/her person, houses, papers and/or effects as those terms of the Fourth Amendment of the United States Constitution are defined by the Court, any time of the day or night, with or without a search warrant whenever requested to do so by a probation supervisor or any law enforcement officer." The form acknowledged: "I [Fox] freely and voluntarily accept the above rules and special conditions and agree to abide by them as a condition of my being allowed to serve my sentence on probation." It is clear that Fox was aware of and accepted the fact that he was waiving his right to object to the subject search and agreeing thereto.

In August 1996, Cherokee County Deputy Sheriff Jay Baker received a tip from an informant that Fox was selling marijuana. Baker obtained a copy of Fox's conditions of probation from the Bartow County probation office. Baker went to Fox's residence along with other officers and identified himself as a narcotics agent. Baker showed Fox a copy of his conditions of probation and explained that he was there to do a probation search of the property. Baker testified that Fox said "okay," and did not object to the search. Fox testified that he did not object to the search because "I didn't think I had any choice." Baker searched the house and located marijuana and a firearm.

Fox was charged in Cherokee County with possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. Fox moved to suppress the drugs and weapon found at the house, contending they resulted from an unlawful search. He argued that the special condition of probation was invalid because, among other things, it had not been properly imposed by the sentencing judge in Bartow County and thus did not become part of his sentence. The burden of establishing this point on the record was on Fox. While Fox's attorney represented to the trial court that the judge in Bartow County had recently allowed Fox to withdraw his plea in that case because he had not been properly advised of the Fourth Amendment waiver contained in the special condition, there is no evidence of record to support this contention. Even if true, the prior judge's allowance of the withdrawal of his plea would not invalidate the present search. The trial court denied Fox's motion to suppress and convicted him after a bench trial.[1] Fox appeals the denial of his motion to suppress, raising several arguments as to why the special condition of probation was invalid.

1. Fox contends the special condition is invalid because it was not mentioned during the plea negotiations in the Bartow County case or by the sentencing judge when he orally accepted the plea. The parties stipulated in the guilty plea hearing in Bartow County that the conditions of probation were not specifically outlined by the trial judge at sentencing. The court stated as follows: "Sentence him to 10 years. He can serve it on the outside on probation conditioned on 4 to 6 months in the diversion center; $1,000 fine; fine surcharges; $20 a month probation maintenance fee." No mention was made of the special condition of probation.

After the judge orally imposed this sentence, Fox was taken to a probation officer who showed him a form containing general and special conditions of probation. Fox's attorney was not present at this interview. The officer explained the special conditions, including the condition that Fox consent to searches whenever requested by law enforcement officers or probation officers. Fox did not object to any of these conditions, and signed the form indicating that he understood and agreed to the conditions. This form was attached to the written sentence signed by the judge, although the record does not reflect whether the form was attached before or after the judge signed the sentence.

However, "[a]n oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is."

---

[1] The transcript of the trial was not included in the appellate record. However, the parties have stipulated that the sole issue in this case is the lawfulness of the search and seizure.

*Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). Accordingly, if the special condition was properly included in the written sentence imposed by the judge, whether it was discussed during the plea hearing would not affect the validity of the sentence, although it might provide grounds for withdrawal of the plea.

We note that this case involves a motion to suppress in the Cherokee County case, and not a motion to withdraw Fox's guilty plea in the Bartow County case. There is no indication in the record that Fox sought to withdraw his guilty plea prior to the search of his residence at issue here. No order permitting the withdrawal of Fox's prior guilty plea is contained in the record on appeal, however. Moreover, the fact that the guilty plea was withdrawn after the search at issue would not affect the validity of the search.

2. In *State v. Sapp*, 214 Ga. App. 428, 432 (3) (448 SE2d 3) (1994), we discussed a situation involving a special condition of probation nearly identical to the one in question in this case. We stated that "[b]y accepting this special condition of probation, and to the extent a search and seizure was not otherwise tainted without subsequent attenuation so as to compel invocation of the exclusionary rule, appellee waived his Fourth Amendment right. See *Allen v. State*, 258 Ga. 424 (369 SE2d 909) [(1988)]; *Nelson v. State*, 199 Ga. App. 487, 488 (3) (405 SE2d 310) [(1991)]. A search conducted pursuant to a special condition of probation need not be made as a routine incident of the probation supervision process. *Hancock v. State*, 205 Ga. App. 890, 891 (424 SE2d 77) [(1992)]; *State v. Bethune*, 207 Ga. App. 340 (427 SE2d 795) [(1993)]; but cf. *Luke v. State*, 178 Ga. App. 614, 616 (2) (344 SE2d 452) [(1986)]. The rule is that there must be some conduct reasonably suggestive of criminal activity to 'trigger' the search. *Anderson v. State*, 209 Ga. App. 676, 677 (434 SE2d 122) [(1993)]. It can be prompted by a good-faith suspicion, arising from routine police investigative work. *Hancock*, supra; accord *Bethune*, supra. Accordingly as a general rule, the police can search a probationer, who is subject to such a special condition of probation, at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass probationer). *Anderson*, supra; *Hancock*, supra." (Punctuation omitted.) Id. at 431-432 (3).

In this case, the search of Fox's residence was based upon a reasonable suspicion as to the presence of marijuana, and the record does not establish that the police acted in bad faith or in an arbitrary or capricious manner. Fox's contention that the search was invalid because it was conducted by law enforcement officers, and not by a probation officer, has been consistently rejected by this Court. See *Hancock*, supra; *Bethune*, supra at 341. Fox's reliance on *Griffin v.*

*Wisconsin,* 483 U. S. 868 (107 SC 3164, 97 LE2d 709) (1987) for the proposition that probation searches must be conducted by probation officers is without merit. Although *Griffin* noted that probation officers are "supposed to have in mind the welfare of the probationer," it did not hold that a search by a law enforcement officer would be violative of the Fourth Amendment. Id. at 876. Moreover, *Griffin* did not deal with the validity of a Fourth Amendment waiver, but with whether a warrantless search of a probationer's residence pursuant to a state regulation constituted a "reasonable" search.

Fox's contention that the special condition was invalid because it was applied to all probationers in Bartow County is also without merit. He contends that, to be valid, such a condition must be tied to a particular need for supervision in his case. However, the regulation in *Griffin* applied to all probationers throughout the state, without regard to their particular circumstances. The U. S. Supreme Court did not justify its decision in that case based on the state's need to supervise particular types of probationers, but on its general need to supervise its probation system. Id. at 873. Moreover, the Supreme Court of Georgia has held that a similar condition of probation "relates in a rational way to the purpose underlying the sentencing objective, to prevent [defendant's] involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence." *Allen v. State,* 258 Ga. 424, 425 (3) (369 SE2d 909) (1988). Although the Court noted that the defendant in *Allen* had a history of criminal activity, it did not hold that such history is a prerequisite to imposing a special condition of probation.

Fox argues that his rights under the Georgia Constitution are broader than those granted by the Fourth Amendment to the U. S. Constitution. However, Fox cites no authority to support his claim that the search, although conforming to the Fourth Amendment, violated the state constitution. Article I, Sec. I, Par. XIII of the state constitution is virtually identical to the Fourth Amendment. See *Smoot v. State,* 160 Ga. 744, 747 (128 SE 909) (1925) (noting that state provision followed Fourth Amendment). It is true that Georgia law differs somewhat from federal law regarding the suppression of evidence seized during an improper search. See OCGA § 17-5-30; *Gary v. State,* 262 Ga. 573 (422 SE2d 426) (1992) (holding that "good-faith" exception to exclusionary rule adopted by U. S. Supreme Court is inapplicable in Georgia due to application of OCGA § 17-5-30). However, this difference relates to the use of evidence seized during an unlawful search, and has no bearing on whether the search was lawful in the first instance. Indeed, case law indicates that the ability to conduct a warrantless search of a probationer is at least as great under state law as under federal law. See *Sapp,* supra.

Accordingly, under the record before us, the special condition

was validly imposed and constituted a valid waiver of Fox's rights under the Fourth Amendment and the state constitution, as determined by the trial court and the subsequent search was a valid implementation of such special condition.

The State has the burden of showing consent to a search was freely and voluntarily given. *Beasley v. State*, 204 Ga. App. 214, 216 (1) (419 SE2d 92) (1992). A consent to search must be the product of an essentially free and unrestrained choice by its maker, and the voluntariness of a consent is determined by looking to the totality of the circumstances. Id.

In this case, there was evidence which supports a claim that Fox voluntarily consented to the search. Deputy Baker testified that, when he showed Fox a copy of his conditions of probation and explained that he was there to do a probation search of the property, Fox said "okay," and did not object to the search. While Fox testified that he did not object to the search because "I didn't think I had any choice," the trial court was not required to believe defendant, and the ruling of the trial court will not be overturned absent an abuse of discretion.

The trial court's written order denying the motion to suppress did not indicate the grounds for the ruling or contain any findings of fact regarding the issue of consent. The transcript of the motion to suppress hearing indicates that the trial court denied the motion based on the Fourth Amendment waiver contained in the special condition of probation, and not on Fox's consent at the time of the search.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998 —
RECONSIDERATION DENIED DECEMBER 10, 1998

*John A. Nuckolls*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.