## S99G0561. FOX v. THE STATE.
### (527 SE2d 847)

SEARS, Justice.

This case, which we granted certiorari to the Court of Appeals to review,[1] raises two questions: One concerns the validity of a special condition of probation, pursuant to which appellant David Fox purported to waive his Fourth Amendment rights. The second issue is whether, if that waiver is invalid, it was nevertheless reasonable under the Fourth Amendment for a police officer to conduct a warrantless search of Fox's home.[2] We conclude that the waiver of Fox's Fourth Amendment rights was invalid because it was not properly obtained as part of the plea bargaining process, and we also conclude that the police officer's warrantless search of Fox's home violated the Fourth Amendment. Accordingly, we reverse the Court of Appeals's judgment that the search of Fox's home was permissible.

The present case stems from charges filed against Fox in Cherokee County for possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. During his trial, Fox moved to suppress evidence of the drugs and weapon found during a search of his residence. At the time of the search, Fox was on probation after pleading guilty to a burglary charge in Bartow County. The legality of the search turns, at least in part, upon Fox's status as a probationer and upon a waiver of his Fourth Amendment rights that was a special condition of probation in the Bartow County case. The record in this case, which includes a copy of the transcript of the plea hearing in Bartow County, shows that the Bartow County trial court sentenced Fox to ten years probation, but that it did not mention any condition or special condition of probation during the plea process. Instead, the record shows that after the court pronounced its ten-year sentence at the end of the plea colloquy, Fox was taken to a probation office where a probation officer informed him of the conditions of probation. Although Fox had an attorney representing him, the attorney was not present when the probation officer informed Fox of the conditions of probation. A special condition of probation was that the

> [p]robationer shall submit to a search of his/her person, houses, papers and/or effects as those terms of the Fourth Amendment of the United States Constitution are defined by the Court, any time of the day or night, with or without a search warrant whenever requested to do so by a probation supervisor or any law enforcement officer.

---

[1] *Fox v. State,* 235 Ga. App. 714 (509 SE2d 75) (1998).

[2] See *Griffin v. Wisconsin,* 483 U. S. 868 (107 SC 3164, 97 LE2d 709) (1987).

The probation officer read this provision to Fox, and told Fox that this was a condition of his probation. Fox testified at the hearing on his motion to suppress that he did not know whether he had a right to object to the waiver. Fox signed the sheet containing the list of conditions and special conditions of probation. The form signed by Fox was attached to the written sentence signed by the trial court.

At the hearing on Fox's motion to suppress, a Cherokee County Deputy Sheriff testified that in August 1996, a tipster informed him that Fox was selling marijuana. The deputy added that the tipster did not give him any information as to why he believed that Fox was selling marijuana. The deputy later ran Fox's name through the Georgia Crime Information Center, and it showed that Fox was on probation in Bartow County. The deputy did not attempt to contact any probation officer, but instead obtained a copy of Fox's Fourth Amendment waiver from Bartow County, and went to Fox's residence with other law enforcement officers. The deputy identified himself to Fox as a narcotics agent, showed him a copy of the special condition form, and explained that he was there to do a search of the property. Fox did not object to the search, and he testified at the hearing on his motion to suppress that he did not do so because he "didn't think [he] had any choice." The deputy testified that the purpose of the search was to investigate narcotics. The deputy located marijuana and a firearm in Fox's residence.

The Cherokee County trial court denied Fox's motion to suppress the evidence found in his home during the foregoing search, and convicted Fox following a bench trial. Fox appealed the trial court's denial of the motion to suppress to the Court of Appeals, which affirmed. We then granted certiorari, and for the reasons that follow, we now reverse.

1. We first address the validity of Fox's Fourth Amendment waiver. In *Allen v. State*,[3] this Court held that Fourth Amendment rights apply to probationers, but we also held that Allen had waived those rights. We concluded that the waiver was valid, in part, because it had been negotiated through the plea bargaining process.[4] It also has been held that such waivers are valid on the theory that the defendant has voluntarily consented to such a condition of probation as "an acceptable alternative to prison."[5] In the present case,

---

[3] 258 Ga. 424, 425 (369 SE2d 909) (1988).

[4] Id. Accord *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999). See also *Darby v. State*, 230 Ga. App. 32, 33 (4) (495 SE2d 146) (1997).

[5] *Luke v. State*, 178 Ga. App. 614, 616 (344 SE2d 452) (1986). See also LaFave, Search and Seizure, A Treatise on the Fourth Amendment, Vol. 4, § 10.10 (b) (1996), where it is noted that courts have widely adopted this waiver theory. LaFave, however, is critical of the theory that a defendant voluntarily waives his Fourth Amendment rights when prison is the only alternative to accepting the waiver as a condition of probation. Id. at 764.

however, the record demonstrates that Fox did not agree to the condition of probation as part of the plea bargain agreement, and was not given the option to consider whether prison was an acceptable alternative in light of this condition of probation. Rather, after the plea agreement was reached and the court announced the sentence, Fox was told by a probation officer, outside the presence of his attorney and of the trial court, that the waiver of his Fourth Amendment rights was a condition of his probation. The record demonstrates that this was the first time that this condition of probation was discussed. We conclude that, under these circumstances, the waiver of Fox's Fourth Amendment rights was not valid. Accordingly, the waiver cannot be relied upon to support the search of Fox's residence that was conducted by the deputy sheriff in Cherokee County.

2. The question remains, however, whether the search of Fox's residence was reasonable under the Fourth Amendment. To begin, we note that the Fourth Amendment applies to probationers.[6] "However, the Fourth Amendment does not ban all searches and seizures — only those deemed to be unreasonable. What is reasonable 'depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself.' "[7] Moreover, although searches must usually be accompanied by a warrant and supported by probable cause to be reasonable,[8] exceptions have been permitted " 'when "special needs," beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.' "[9] "In 'special needs' cases, we must balance the government's need to search against the invasion occasioned by the search. And the search will be deemed reasonable if the government's interest can be said to outweigh the interest of the individual."[10] In *Griffin v. Wisconsin*, the Supreme Court concluded that the supervision of probationers that is necessary to operate a probation system presented special needs that "may justify departures from the usual warrant and probable-cause requirements."[11] The search in *Griffin* was conducted pursuant to a Wisconsin regulation that permitted a probation officer to search a probationer's home without a warrant so long as the officer had "reasonable grounds" to believe that contraband was present. In analyzing the reasonableness of the search in *Griffin*, the Court considered it significant that the regulation in question required the search to be based upon "reasonable grounds"

[6] *Allen*, 258 Ga. 424; *Griffin v. Wisconsin*, 483 U. S. at 873.
[7] *Adams v. State*, 269 Ga. 405, 407 (498 SE2d 268) (1998), quoting *Skinner v. Railway Labor Executives' Assn.*, 489 U. S. 602, 616 (109 SC 1402, 103 LE2d 639) (1989).
[8] *Adams*, 269 Ga. at 407.
[9] *Griffin*, 483 U. S. at 873.
[10] *Adams*, 269 Ga. at 407-408.
[11] *Griffin*, 483 U. S. at 874.

and to be conducted by a probation officer.[12] The Court concluded that the warrantless search of Griffin's home "satisfied the demands of the Fourth Amendment because it was carried out pursuant to a regulation that itself satisfies the Fourth Amendment's reasonableness requirement."[13] The Court stated that this conclusion made it unnecessary for it to address the question whether "*any* search of a probationer's home by a probation officer is lawful when there are 'reasonable grounds' to believe contraband is present."[14]

The present case presents the question left unanswered in *Griffin*, with the variation that the search was conducted by a law enforcement official and not a probation officer. Using *Griffin* as guidance on the question of reasonableness, we conclude that the search of Fox's home was not reasonable because it was not based upon "reasonable grounds" to believe that contraband would be found at Fox's home. In this regard, we conclude that *Griffin* establishes that, at a minimum, when a probationer has not consented to a search, a warrantless search of a probationer's home must be based upon reasonable grounds to believe that the probationer has contraband in the home or is engaged in some criminal activity there. We thus first examine whether there were reasonable grounds for the search in this case. The deputy who conducted the search testified that a "tipster" told him that Fox was selling marijuana. The deputy added that he did not remember the tipster's name; that the tipster was a prisoner at the time; that the tip he received about Fox was the first time he had received information from this tipster; and that the tipster did not give him any information as to why the tipster believed that Fox was selling marijuana. It has been held that a tip from an informant of unknown reliability is generally insufficient to create a reasonable suspicion of criminal activity, but that the tip may provide the basis for a reasonable suspicion if the tip provides details that the police can corroborate by observation.[15] In the present case,

---

[12] *Griffin*, 483 U. S. at 876-880. In this regard, the Supreme Court reasoned that a probation officer has a unique, ongoing supervisory relationship with a probationer, and that therefore a probation officer, in determining whether reasonable grounds existed for a search, could proceed based upon his "entire experience with the probationer, and [could] assess probabilities in the light of [his] knowledge of [the probationer's] life, character, and circumstances." Id. at 879. In considering the interests of the probationer, the Court gave significance to the fact that

> [a]lthough a probation officer is not an impartial magistrate, neither is he the police officer who normally conducts searches against the ordinary citizen. He is an employee of the State Department of Health and Social Services who, while assuredly charged with protecting the public interest, is also supposed to have in mind the welfare of the probationer.

Id. at 876.

[13] Id. at 873.

[14] *Griffin*, 483 U. S. at 880.

[15] *Smith v. State*, 237 Ga. App. 616, 618-619 (516 SE2d 319) (1999); *Stanley v. State*, 213

the tipster was of unknown reliability, and he provided no details by which the deputy could corroborate the tip. We therefore must conclude that the deputy did not have a reasonable suspicion that Fox was engaged in criminal activity when he conducted the search. Accordingly, we hold that the search in the instant case was unreasonable within the meaning of the Fourth Amendment.[16]

For the foregoing reasons, we reverse the judgment of the Court of Appeals.

*Judgment reversed. All the Justices concur, except Hunstein and Thompson, JJ., who concur specially.*

CARLEY, Justice, concurring.

I concur in the reversal of the judgment of the Court of Appeals, but only because of the procedure employed whereby Fox was not informed that the waiver of his Fourth Amendment rights was a condition of his probation until *after* the trial court had sentenced him. Even under today's opinion, however, the waiver would be valid had it been included as a condition of Fox's probation at the time of sentencing by the trial court. In my opinion, the scope of such a valid waiver would be broad enough to encompass the warrantless search of his residence conducted by the *police officer*. The issue of the "reasonableness" of the search of Fox's home by the deputy sheriff arises only because the waiver was ineffective. In that regard, I agree that there was no probable cause to authorize the search and that the Court of Appeals erred in affirming the denial of Fox's motion to suppress.

I am authorized to state that Justice Hines joins in this opinion.

HUNSTEIN, Justice, concurring specially.

In concluding that Fox's waiver of his Fourth Amendment rights was invalid because this condition of probation was not properly obtained as part of the plea bargaining process, the opinion concludes that Fox can only be charged with knowledge of the existence of those conditions articulated by the District Attorney and the trial judge during sentencing. I do not agree. In my opinion the record supports the conclusion that Fox and his counsel were aware of the numerous conditions included in the standard form made a part of the second page of the sentence, including the probation requirement address-

---

Ga. App. 95, 96 (443 SE2d 633) (1994).

[16] Because we conclude that there were not reasonable grounds for the warrantless search in this case, we do not need to address how certain other factors might impact the question of the reasonableness of the search. Those factors are that the deputy did not attempt to contact a probation officer for input on Fox's probation, did not involve a probation officer in the actual search, and appears to have conducted the search solely for law enforcement purposes rather than probationary purposes.

ing the Fourth Amendment waiver. It is also my opinion that it is not incumbent upon a sentencing judge to review each and every probation condition from the bench in order to guard against the very circumstance presented here.

The written sentence signed by Fox and his attorney consists of two separate references to Fox's probationary obligation to comply with the special and general conditions "stated in this sentence" and "stated in Page 2 of this sentence." The sentence form contains blocks next to these references, and both of the blocks are checked. Thus Fox explicitly acknowledged that he was aware of the condition at issue. The suppression transcript shows that the Cherokee County trial court heard testimony from Fox's probation officer as well as Fox and was presented with the sentencing transcript and the written sentence. The Cherokee County court thereafter made the specific, straightforward finding that Fox was aware of the waiver as a probation condition. The suppression transcript shows that the trial court was unpersuaded by Fox's claim that the waiver was flawed because the sentencing court did not select and articulate that express condition; one out of the twenty-three general and special probation conditions imposed. However, there was no obligation on the sentencing court to articulate the entire list of conditions as that oral declaration would not constitute the sentence; the written sentence signed by the court controlled. See *Curry v. State*, 248 Ga. 183 (4) (281 SE2d 604) (1981).

It is my opinion that the mere fact that a probation officer fulfills his obligation to meet with a probationer after sentencing to ensure that the probationer has a complete understanding of the terms of his probation should not defeat any of the conditions made a part of the sentence by the trial judge. Meeting with the probation officer after sentencing benefits the probationer by ensuring that the probationer is fully aware of the terms of probation and what behavior will run afoul of the conditions attached to probation. Because I believe that the plain language of the negotiated guilty plea to the burglary charge in Bartow County cannot be interpreted in any other manner than to conclude that Fox was aware that compliance with the assorted special conditions was required to remain on probation in lieu of serving the ten-year sentence under incarceration and that he was aware of the probation conditions which included the Fourth Amendment waiver, at the time of his sentence, I cannot agree with Division 1 of the opinion. Although I would affirm the finding of the trial court as to the validity of the waiver, I nevertheless concur in judgment only because I believe the warrantless probationer search conducted by a police officer instead of a probation officer is violative of the protection given by the Fourth Amendment. See *Griffin v. Wisconsin*, 483 U. S. 868 (107 SC 3164, 97 LE2d 709) (1987).

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED MARCH 6, 2000.

*John A. Nuckolls,* for appellant.
*Garry T. Moss, District Attorney, Cecelia M. Harris, Assistant District Attorney,* for appellee.