A08A2380, A08A2381. HESS v. THE STATE (two cases).
(674 SE2d 362)

PHIPPS, Judge.

Scott Hess was convicted of violating the Georgia Controlled Substances Act (VGCSA), resulting in revocation of two separate probated sentences he had received for prior VGCSA convictions. In these appeals of his latest conviction and probation revocation, Hess challenges the validity of his waiver of Fourth Amendment rights as a condition of his probationary sentences, as well as the validity of a

---

[13] (Citation and punctuation omitted.) *Roswell Festival, L.L.L.P. v. Athens Intl.*, 259 Ga. App. 445, 448 (2) (576 SE2d 908) (2003).

search of his room by narcotics agents acting under the authority of the waiver. Finding both the waiver and search valid, we affirm both appeals.

Hess was serving the two separate probated sentences imposed by the Superior Court of Henry County, when the Henry County Police Department narcotics "hotline" received an anonymous tip to the effect that Hess was supplying methamphetamine to a woman he was dating. A narcotics agent contacted Hess's probation officer and confirmed that Hess remained on probation, that at least one of his sentences contained a special condition in which he had agreed to submit to searches by law enforcement officers at any time with or without a warrant, and that he was in violation of another condition of probation because he had recently failed to appear for two required drug screens. Therefore, narcotics agents went to Hess's mother's house, informed her of Hess's Fourth Amendment waiver, and asked for consent to search his room. Hess's mother made comments showing that she too was concerned with the possibility of his possession of illegal drugs, and she took the officers to his room. They searched the room and found methamphetamine.

As a result, an accusation was filed in the Superior Court of Henry County charging Hess with possession of methamphetamine. And a petition for revocation of his probation was filed. In response to both the accusation and probation revocation petition, Hess moved to suppress the methamphetamine found in his room. Following a hearing, the trial court entered an order denying the motion to suppress. Following a stipulated bench trial, the superior court convicted Hess of possession of methamphetamine and revoked his probation.

In Case No. A08A2380, Hess appeals the revocation of his probation. In Case No. A08A2381, he appeals his conviction of possession of methamphetamine. In both cases, he contends that the superior court erred in denying his motion to suppress. We find no error and affirm.

1. Hess challenges the validity of the search clauses in his probationary sentences on the ground that the clauses were not explained to him either during the plea bargaining process or at his sentencing hearings, and he thus did not knowingly and intelligently waive his Fourth Amendment rights.

As found by the trial court, however, the transcripts of the sentencing hearings in both cases indicate that Hess was represented by counsel; that the district attorney and/or the sentencing judge informed the defense that the search clauses were elements of the negotiated pleas; and that neither Hess nor his attorney objected to

the clauses. Under these circumstances, Hess validly waived his Fourth Amendment rights.[1]

2. Hess next contends that, even if his waiver of Fourth Amendment rights was valid, the search of his room was not supported by reasonable suspicion.

We have held that

> as a general rule, the police can search a probationer, who is subject to [a waiver of Fourth Amendment rights as] a special condition of probation, at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass probationer).[2]

Here, Hess resided in his mother's house in a room he was renting from her at the time of the search; he was on probation for multiple VGCSA convictions; narcotics agents received an anonymous tip that he was engaged in the unlawful possession and distribution of a controlled substance; Hess's probation officer informed a narcotics agent that Hess had failed to appear for recent drug screens; and narcotics agents thereafter appeared at his mother's house, informed her of the state of affairs, and obtained her consent to enter her house to search his room.[3]

Although "[i]t has been held that a tip from an informant of unknown reliability is generally insufficient to create a reasonable suspicion of criminal activity,"[4] under the totality of the circumstances present here there existed a sufficiently reasonable or good-faith suspicion for the search so that the officers were not acting in an arbitrary, capricious, or harassing manner.[5]

---

[1] See *Johnson v. State*, 248 Ga. App. 454, 455 (2) (546 SE2d 562) (2001) (defendant validly waived Fourth Amendment rights as a condition of probation where trial court informed him of condition of probation at sentencing in presence of counsel who did not object); compare *Fox v. State*, 272 Ga. 163, 164-165 (1) (527 SE2d 847) (2000) (waiver of defendant's Fourth Amendment rights as a condition of probation not valid where defendant was first informed of condition by probation officer outside presence of counsel after sentencing).

[2] *State v. Sapp*, 214 Ga. App. 428, 432 (3) (448 SE2d 3) (1994) (citations omitted).

[3] Compare *Rocco v. State*, 267 Ga. App. 900, 903 (2) (601 SE2d 189) (2004) (Phipps, J., dissenting).

[4] *Fox v. State*, supra at 166 (2).

[5] See *Spencer v. State*, 293 Ga. App. 450 (667 SE2d 223) (2008) (agent, who had received an anonymous tip about drug use or sales at defendant's address and was later informed by defendant's probation officer that defendant's brother had reported that he was engaged in unlawful sale of drugs out of his home, acted reasonably in searching defendant's room); *Reece v. State*, 257 Ga. App. 137, 139-140 (2) (b) (570 SE2d 424) (2002) (probation officer's observa-

Moreover, in *Samson v. California*,[6] the Supreme Court of the United States held that even a suspicionless search, when conducted under the authority of a California statute requiring a waiver of Fourth Amendment rights as a condition of parole, was reasonable under the Fourth Amendment.[7] *Samson* noted, however, that California case and statutory law's prohibition against arbitrary, capricious, or harassing searches meant that California's suspicionless parole-search system did not give officers unbridled discretion to conduct such searches.[8] *Samson* also recognized that "parolees are more akin to prisoners than probationers."[9] Therefore, the extent to which *Samson* applies to probationers rather than parolees is unclear. What is clear, however, is that the search here was based on individualized suspicion of specific criminal activity and thus was not arbitrary, capricious, or harassing.

*Judgments affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 25, 2009.

*Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.

---

tion that defendant appeared to be under influence of drugs or alcohol coupled with fact that he was living with someone using illegal drugs, provided reasonable suspicion for conducting search of his home).

[6] 547 U. S. 843 (126 SC 2193, 165 LE2d 250) (2006).

[7] In *Samson*, a police officer who knew the defendant and was aware that he was on parole stopped him as he was walking down the street, because the officer thought that the defendant had an outstanding parole warrant. After confirming by radio dispatch that there was no outstanding warrant, the officer nonetheless decided to search the defendant based solely upon his status as a parolee. During the search, the officer found an illegal drug in the defendant's possession.

[8] Id. at 856.

[9] Id. at 850, n. 2.