## A11A0905. MORROW v. THE STATE.
(715 SE2d 744)

MIKELL, Judge.

After a bench trial, William Morrow was convicted of manufacturing marijuana and trafficking in marijuana. Morrow appeals the trial court's denial of his motion for new trial, contending the trial court erred in denying his motion to suppress the results of a search of his person and home pursuant to a Fourth Amendment waiver that was a special condition of his probation. We find no error and affirm Morrow's convictions.

The following three principles apply in the appellate review of a trial court's denial of a motion to suppress:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

"Because there was testimonial evidence in this case, we do not apply a de novo standard of review."[2]

So viewed, the evidence reveals that prior to the search at issue in the present case, Morrow had entered a negotiated guilty plea to possession of a firearm and possession of marijuana and was sentenced to confinement for a period of five years. The sentencing court permitted the sentence to be served on probation provided that Morrow comply with general and special conditions. Of particular importance is the following special condition of Morrow's probation:

> The Defendant: . . . shall submit to a search of his/her person, houses, papers and/or effects as these terms of the Fourth Amendment to the United States Constitution are defined by the courts, any time of the day or night, with or without a search warrant, whenever requested to do so by a probation officer, and he/she specifically consents to the use of anything seized as evidence in any judicial proceedings or trial.

While Morrow was serving his sentence, a confidential informant advised the Forsyth County Sheriff's Office Narcotics Unit that Morrow was growing marijuana and that Morrow regularly used marijuana. The informant told the Narcotics Unit that a room at Morrow's business had recently been installed with upgraded ventilation, upgraded electrical work, and a heavy duty type lock. After receiving the tip, a Narcotics Unit investigator contacted Morrow's probation officer, who aided him in finding Morrow's home. After

---

[1] (Punctuation, footnote and emphasis omitted.) *Butler v. State*, 303 Ga. App. 564-565 (694 SE2d 168) (2010).

[2] (Footnote omitted.) *Ware v. State*, 309 Ga. App. 426 (710 SE2d 627) (2011).

receiving permission from the probation officer to search Morrow pursuant to his Fourth Amendment waiver, two investigators from the Narcotics Unit approached Morrow while he was on his lawn. The investigators advised Morrow that they were there to perform a search of the home as allowed under his probation and ordered him to empty his pockets on the hood of his vehicle. Morrow complied, and placed approximately $5,000 in cash on the hood of the car. An investigator patted Morrow down and discovered a small bag of marijuana in Morrow's pocket.

The investigator asked Morrow whether there was any marijuana located inside the house. Morrow admitted that there was and led investigators inside the house to the garage where he produced a glass jar with a few ounces of marijuana in it. However, the investigator testified that once inside the garage, he noticed a strong smell of marijuana along with the sound of a fan. Morrow was handcuffed and advised of the *Miranda* warning. Without invoking his *Miranda* rights, Morrow admitted to growing marijuana in the basement of his home. The probation officer then arrived at the scene. At that time, both the investigator and the probation officer searched the home and found an elaborate marijuana growing system and approximately 764 marijuana plants in the basement.

Morrow moved to suppress the marijuana found on his person and in his home, contending that the warrantless search violated his Fourth Amendment rights. Morrow argued, among other things, that he did not waive his Fourth Amendment rights under the Georgia Constitution as a special condition of his probation and that the search was illegal because it was conducted by a law enforcement officer and not by a probation officer as specified in his special condition of probation. The trial court disagreed, denied the motion to suppress, and found him guilty of manufacturing marijuana and trafficking in marijuana. Morrow moved for a new trial, asserting the trial court erred in denying the motion to suppress. Following the denial of his motion for new trial, Morrow appealed.

Morrow challenges the trial court's denial of his motion to suppress, contending that (1) he did not knowingly and voluntarily waive his Fourth Amendment rights as a condition of his probated sentence; (2) the Fourth Amendment waiver in his special condition of probation did not waive his rights under the Georgia Constitution; and (3) the search was improperly conducted by a law enforcement officer rather than his probation officer. Viewing the evidence in the light most favorable to the trial court's ruling, we reject these contentions.

1. Morrow contends that he did not knowingly and voluntarily waive his Fourth Amendment rights as a special condition of his probated sentence. As found by the trial court, however, the tran-

scripts of Morrow's plea of guilty to the unlawful possession of a firearm reveal that he was informed by the assistant district attorney that a Fourth Amendment waiver was part of the negotiation with Morrow and his attorney; that neither Morrow nor his attorney objected to the Fourth Amendment waiver during the plea; that the Court explained the Fourth Amendment waiver to Morrow on the record; and that Morrow signed a waiver as a special condition of probation.[3] These circumstances show that Morrow validly waived his Fourth Amendment rights.[4]

2. Morrow next argues, in the alternative, that he waived his rights under only the United States Constitution and did not expressly waive his rights under the Georgia Constitution because the relevant portion of his written sentence did not expressly invoke a waiver of the protections afforded by the Georgia Constitution.

Morrow's written sentence referred to the Fourth Amendment waiver and stated that Morrow

[s]hall submit to a search of his/her person, houses, papers, and/or effects as these terms of the Fourth Amendment to the United States Constitution are defined by the Courts, any time of day or night, with or without a search warrant, whenever requested to do so by a probation officer, and he/she specifically consents to the use of anything seized as evidence in any judicial proceedings or trial.

The question is not whether the state constitution provides protection against unlawful searches and seizures, but whether the right was validly waived by Morrow when he waived his rights pursuant to the special condition of probation.[5] The Fourth Amendment to the Georgia Constitution provides as follows:

---

[3] During the plea colloquy, the trial court stated:
One additional matter, Mr. Morrow, is [that] there is a Fourth Amendment waiver. So to that end, without your consent and without notice, law enforcement, which includes your probation supervisor, can conduct a search of your home or of your vehicle or any vehicle you occupy and your person. Anything that they should find could be used against you.

[4] See *Hess v. State*, 296 Ga. App. 300, 301-302 (1) (674 SE2d 362) (2009) (defendant validly waived Fourth Amendment rights as a condition of probation where trial court informed him of condition of probation at sentencing in presence of counsel who did not object). Compare *Fox v. State*, 272 Ga. 163, 164-165 (1) (527 SE2d 847) (2000) (waiver of defendant's Fourth Amendment rights as a condition of probation not valid where defendant was first informed of condition by probation officer outside presence of counsel after sentencing).

[5] See *Allen v. State*, 258 Ga. 424, 425 (2) (369 SE2d 909) (1988) (finding that the Fourth Amendment of the federal constitution applies to probationers as well as other citizens and that the appellate court must inquire as to whether those rights were validly waived).

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place or places to be searched and the persons or things to be seized.[6]

Although we acknowledge that this Court has recognized greater protection under the Georgia Constitution than under the federal Constitution in a number of areas,[7] Morrow has cited no case law demonstrating that the Fourth Amendment of the Georgia Constitution affords greater protection than provided by the federal constitution under the circumstances presented in the case at bar.[8] Therefore, Morrow was aware of the rights he was waiving when he bargained for his plea negotiation.

Additionally, as the trial court noted, a careful reading of the special conditions of probation indicates that the sentencing court's reference to the Fourth Amendment under the federal constitution was merely illustrative of the category of rights being given up by Morrow.

3. Morrow next argues that the trial court erred in denying his motion to suppress because the search of his person and his home was conducted by a law enforcement officer, not by a probation officer, as required by the special condition of probation. However, the record reveals that at all relevant times, the Narcotics Unit investigators were authorized by the probation officer to conduct the search. The investigators contacted the probation officer to verify that Morrow was a probationer, worked with the probation officer to locate Morrow, and obtained permission from the probation officer prior to making contact with Morrow.[9] Further, the probation officer

---

[6] Ga. Const. 1983, Art. I, Sec. I, Par. XIII.

[7] *Powell v. State*, 270 Ga. 327, 331 (3), n. 3 (510 SE2d 18) (1998) ("It is a well-recognized principle that a state court is free to interpret its state constitution in any way that does not violate principles of federal law, and thereby grant individuals more rights than those provided by the U. S. Constitution.") (citation omitted). E.g., id. at 332 (3) (due process); *Green v. State*, 260 Ga. 625, 627 (2) (398 SE2d 360) (1990) (right against self-incrimination); *Fleming v. Zant*, 259 Ga. 687, 690 (3) (386 SE2d 339) (1989) (guarantee against cruel and unusual punishment); *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 120 (3) (d) (365 SE2d 827) (1988) (excessive fines); *D. B. v. Clarke County Bd. of Ed.*, 220 Ga. App. 330, 331 (1) (469 SE2d 438) (1996) (guarantee of free education).

[8] *Democratic Party of Ga. v. Perdue*, 288 Ga. 720, 728 (2) (707 SE2d 67) (2011) ("That this [c]ourt has recognized greater protection extended under the Georgia Constitution than under the federal constitution in a number of other areas is not relevant" in considering the equal protection clause) (footnote omitted).

[9] Investigator Thomas Moore, who conducted the initial search of Morrow outside his home, testified that it was standard safety procedure for a law enforcement officer to make the initial contact with a probationer who had been convicted of a firearm offense before allowing

was present during the search of Morrow's basement, which revealed the marijuana growing system. We find that the search of Morrow's person and home was authorized by the probation officer.[10]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 29, 2011 — 

*Banks & Stubbs, Rafe Banks III*, for appellant.

*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.

---

the probation officer to arrive at the scene.

[10] *Reece v. State*, 257 Ga. App. 137, 140 (2) (b) (570 SE2d 424) (2002).